**Jose VALENCIANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00530–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 12, 1986.

Gregory W. Canfield, San Antonio, for appellant.

Sam Millsap, Jr., Karen Amos, Emil Holiner, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for indecency with a child (sexual contact). TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp.1986). A jury found appellant guilty and assessed punishment at two years' imprisonment.

Appellant asserts seven grounds of error, the first challenging the sufficiency of the evidence to prove appellant touched the complainant with intent to gratify his sexual desire. A related ground of error concerns the admission of extraneous evidence.

■ When reviewing the sufficiency of the evidence, we view it in the light most favorable to the jury verdict. *Wilson v. State,* 654 S.W.2d 465, 468 (Tex.Crim.App. 1983). The complainant, six years old at the time of the incident, testified that appellant was a neighbor and that she visited his house about four times a week to play with his step-daughter. She related that on this occasion, while she was at appellant's home watching television with the step-daughter, appellant put his hand inside the complainant's pants and rubbed her "pee pee." Complainant also demonstrated this act through the use of "anatomically correct" dolls. She said appellant warned her not to tell anyone about the touching.[1]

There was testimony by complainant's mother that on January 30, 1984, her daughter's genitalia were inflamed and irritated. Her daughter told her that "Joe rubbed her down there" and that she was not going to play at appellant's house anymore "because Joe was making her pee pee worse." She also stated that her daughter did not masturbate and had no history of touching herself since she was fifteen months old.

Further, Dr. James Duke testified to having examined the complainant and diagnosing a "noted rash over the external genitalia." He stated this was an uncom-

---

1. The necessary specific intent to arouse or gratify a person's sexual desire can be inferred in a prosecution for indecency with a child from defendant's conduct, remarks and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981).

mon condition for a six year old girl and is ordinarily the result of "being traumatized or traumatizing herself by constant rubbing." And, he noted, complainant did not have a history of traumatizing herself.

■ The State also introduced, over timely objection, extraneous evidence that appellant had exposed himself to the complainant on other occasions. It is a general rule that a defendant is entitled to be tried on the accusation in the State's pleading and not for being a criminal generally. *Jones v. State,* 587 S.W.2d 115, 119 (Tex. Crim.App.1979). However, extraneous acts of misconduct by the accused are admissible to prove scienter where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself. *Morgan v. State,* 692 S.W.2d 877, 880 (Tex.Crim.App.1985).

■ Admissibility of extraneous transactions is nonetheless dependent upon a showing that the act is relevant to a material issue in the case and that its probative value outweighs any prejudicial effect. *Morgan v. State, supra,* at 879; *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim. App.1983). Where intent or guilty knowledge is an essential element of the offense, as in this case, materiality is established. *Morgan v. State, supra,* at 880. Further, that the required intent cannot be inferred from the act itself establishes the relevancy of the extraneous evidence. When the defendant's conduct alone can be considered as consistent with accident as with a specific lascivious intent, any extraneous act committed by the defendant which would tend to demonstrate such intent is admissible. *Morgan v. State, supra,* at 881.

■ The extraneous acts were therefore admissible to prove appellant's intent to arouse or gratify his sexual desire. We hold the evidence was thus sufficient to prove the required intent. Grounds of error one and two are overruled.

Complaint is made of error in overruling an objection to this portion of the State's jury argument at the punishment phase:

Now, one thing I have to touch on, because you were mislead very much in argument? Defense Counsel told you he never has been convicted of a felony. Then he said this is his first brush with the law. That is not true. That was a lie. *This man has been arrested before for indecent exposure.* [Emphasis added.]

The court overruled the objection and the prosecutor continued:

It is not his first brush with the law. You think about that too. ... Is someone going to have the courage, if you put him on probation, to report it if he does it again? Because most of them don't tell their parents. When they do tell their parents—most of them don't want to report it, they are embarrassed and frighten[ed]. So how many haven't been reported already? How many haven't been reported already. Think about that.

Appellant did not object to this last argument.

■ To be appropriate, jury argument must come within one of these areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Walker v. State,* 664 S.W.2d 338, 340 (Tex.Crim.App.1984); *Darden v. State,* 629 S.W.2d 46, 52 (Tex.Crim. App.1982). Further, for a jury argument to constitute reversible error, it must be manifestly improper, harmful and prejudicial, violative of a statute, or inject new and harmful facts into the case. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Crim. App.1981); *Williams v. State,* 607 S.W.2d 577, 581 (Tex.Crim.App.1980). The record shows appellant's counsel made the following jury argument during the punishment phase;

[Appellant] has never been convicted of a felony anywhere. *This is his first brush with the law.* [Emphasis added.]

■ The invited argument rule permits prosecutorial arguments outside the record in response to defense argument which goes outside the record. *Johnson v. State,*

611 S.W.2d 649, 650 (Tex.Crim.App.1981). However, a prosecutor may not stray beyond the scope of the invitation. *Id.*

◼ Clearly the remark that this was the appellant's first brush with the law invited a response by the State. The question is whether the State's argument outside the record in response exceeded defense counsel's invitation on the subject. We find the argument which was objected to did not exceed the invitation.

◼ Appellant did not request an instruction for the jury to disregard the statement [we add this was not required to preserve error in this case], nor did he ask for a mistrial. Unless an argument is so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard, the failure to request such an instruction waives the error. *Id.; Parr v. State,* 606 S.W.2d 928, 931 (Tex.Crim.App.1980). Even if the statement had surpassed the limitation, an instruction to disregard would have cured the error in this case. We overrule ground of error three.

◼ Appellant next complains of the reference to extraneous offenses in the State's jury argument at the punishment phase. During closing argument, the State alluded to prior testimony, produced at the guilt-innocence stage, that appellant had exposed himself to the complainant and touched her on several occasions. The State also reminded the jury of a neighbor's testimony at the first stage of trial that appellant had exposed himself to her on many occasions over a period of years. Appellant's objections on the ground that this was evidence of extraneous offenses were overruled.

The proof of extraneous offenses, already noted, was admitted at the case-in-chief. We have ruled the proof was proper in *this kind of case.* At the punishment phase of a trial, TEX.CODE CRIM.PROC. ANN. art. 37.07 (Vernon 1981 and Supp.

1986), the State is not required to offer any proof. Further, the jury may consider, in assessing punishment, the evidence it heard at the guilt-innocence phase.

The complained of extraneous offenses, of which the State presented evidence at the first stage of trial, were those appellant is said to have committed over a period of time on the complaining witness and another girl. These offenses, already in evidence before the jury, were not introduced for the first time at the punishment phase as were those in *Klueppel v. State,* 505 S.W.2d 572 (Tex.Crim.App.1974). In fact, the State did not introduce any evidence at the punishment phase of trial. While the appellant may have been entitled to a limiting charge as to the jury's consideration of the extraneous offenses, we see no error in permitting the State to argue properly about the evidence before the jury. *Walker v. State, supra.*

In addition, there were other unobjected to references to the same extraneous offenses in other parts of the State's jury argument. The fourth ground of error is overruled.

◼ The next ground addresses error in refusing to grant appellant's motion to dismiss under the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986). It is undisputed the State announced ready within the 120 day period required by statute. At the hearing on the motion, the State again announced ready, stating that it had been ready "at all times on this case." Such an announcement of ready is a prima facie showing of conformity to statutory requirements. *Phipps v. State,* 630 S.W.2d 942, 947 (Tex. Crim.App.1982). However, appellant claims the presumption is rebutted by the fact the State continued the cause beyond the 120 day period due to the absence of a witness.[2]

◼ Appellant has failed to rebut the presumption of readiness. The Speedy Tri-

---

**2.** The record does not contain a motion for continuance nor does the docket sheet reflect a continuance or resetting. We rely solely on the transcription of the hearing on the motion for speedy trial.

al Act does not require the State to exercise diligence in seeking a court date within the time limitations of the Act, but rather requires only that the State be ready for trial within the statutory time period. *Valadez v. State*, 639 S.W.2d 941, 942 (Tex.Crim.App.1982); *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App.1979). The record shows the State was ready for trial during the required period of time. We overrule appellant's fifth ground of error.

In his sixth ground of error appellant complains of the trial court's denial of his application to take complainant's deposition. The harm, he argues, was his surprise when complainant testified to other assaults by appellant. As a consequence he says he was denied the opportunity to prepare for trial.

TEX.CODE CRIM.PROC.ANN. art. 39.-02 (Vernon Supp.1986) provides the court shall "hear the application [to take deposition] and determine if good reason exists ... and ... in its judgment, shall grant or deny the application." The determination of whether good reason exists for the taking of a deposition is based on facts made known to the court at a hearing for that purpose. *Yaw v. State*, 632 S.W.2d 768, 769 (Tex.App.—Fort Worth 1982, pet. ref'd). The trial court is vested with wide discretion. Accordingly, the reviewing court will not find an abuse of discretion in refusing the request absent a showing of injury resulting from the denial. *James v. State*, 563 S.W.2d 599, 602 (Tex.Crim.App. 1978).

A transcription of the hearing is not included in the record. Thus, we review appellant's application and affidavit to determine if there was an abuse of discretion in the denial. *Jasso v. State*, 699 S.W.2d 658, 663 (Tex.App.—San Antonio 1985, no pet.). Appellant claims his resultant injury was surprise and inability to adequately prepare for trial. However, his application and affidavit cite the need to determine complainant's competency to testify as the reason for requesting her deposition.

Inasmuch as the complainant was examined at trial as to her competency to testify, and did testify and was subjected to cross-examination by appellant, we find appellant has not demonstrated harm resulting from the court's denial of his application to depose complainant. *Greer v. State*, 523 S.W.2d 687, 689 (Tex.Crim.App. 1975); *McKinney v. State*, 505 S.W.2d 536, 540 (Tex.Crim.App.1974). Based on the terms of the application, the denial did not constitute abuse of discretion. The sixth ground of error is overruled.

In his final ground of error, appellant claims error because the trial court refused to submit a jury charge on the conditions of probation. The charge on punishment stated, in pertinent part:

The Defendant in this case has applied, on written and sworn motion, for probation stating among other things, that he has never been convicted of a felony in this or any other State.

Our statutes provide that where a defendant is found guilty of Indecency with a Child and the Jury assesses the punishment at not more than ten years, and they further find that the defendant has never been convicted of a felony in this or any other State, the Jury may, within its discretion recommend probation during the good behavior of the defendant. If the Jury does recommend probation, it will be granted by the Court.

Defense counsel requested that the terms of probation be included in the charge and the court denied his request.

*Flores v. State*, 513 S.W.2d 66, 69 (Tex. Crim.App.1974) stands for the proposition that the failure of the trial court to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury is not harmful to the accused. It is also not restrictive of the court's authority to impose the conditions. However, *Flores* noted that inclusion of the probationary conditions is good practice.

In the instant case appellant's attorney said, "... I would like the terms of probation put in there [the charge].... I

still request the condition of probation." This called the request to the attention of the trial court. Probationary conditions properly could have been included in the jury charge. This is considered "good practice" by the Court of Criminal Appeals. *Flores v. State, supra,* at 69. Whether denial of the requested charge is reversible error is the question.

In determining whether appellant was denied a fair and impartial trial because of the omission in the jury charge, *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1985), we note the requested instruction addressed no element of the offense. Rather, it went to the terms and conditions which the trial court, not the jury, might impose if probation were recommended. It did not affect the jury's consideration of the application for probation, nor their authority to recommend it.

Moreover, during jury argument defense counsel talked extensively about probation, telling the jury that the judge would set the terms, if probation were recommended. He suggested one term could be medical treatment for the appellant, another, that the complainant receive psychological treatment and the judge order payment by appellant. It was argued that the judge could require appellant to perform community services; further, the court could require "intensive supervision," i.e., reporting to the probation officer once a week. There was no restriction on the argument for probation. Thus, even had the terms been included in the jury charge, it can be concluded that the argument for probation would have encompassed the same matters. Applying the *Almanza* standard of review, we cannot say that appellant has shown he was denied a fair and impartial trial at the punishment phase because of the omission in the jury charge. The ground of error is overruled.

The judgment is affirmed.

1. The Honorable Spencer Carver, Justice, retired, Fifth District of Texas at Dallas, sitting by assignment.