**Jesus Antonio CORTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00975–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 1, 1997.

----

Lacey Ann Mullowney, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from the conviction of Jesus Antonio Cortez for indecency with a child. Mr. Cortez pleaded guilty to one count of engaging in sexual contact with his twelve-year-old daughter and requested that his punishment be assessed by a jury. A jury assessed punishment at confinement for ten years and six months. Mr. Cortez appeals the sentencing phase of his trial.

The victim in this case, a sixth-grade student, reported to her school counselor that her father had been touching her private parts. The counselor reported the events to Child Protective Services. Shortly thereafter, Mr. Cortez was indicted on three counts of indecency with a child.

At trial, Mr. Cortez was represented by counsel. A reading of the statement of facts

suggests that Mr. Cortez hoped to obtain probation by pleading guilty to one count of indecency with a child in exchange for the State waiving two other counts. The range of punishment for indecency with a child is two to twenty years and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 21.11(d) (Vernon 1994) (providing that sexual contact with child is second degree felony); *id.* at § 12.33 (setting range of punishment for second degree felony at two to twenty years and fine not to exceed $10,000). Probation is available if the defendant has not previously been convicted of a felony. *See* Tex.Crim.Code Ann. art. 42.12, § 3 (Vernon Supp.1997) (prohibiting probation when defendant is sentenced to over ten years confinement).

During trial, the jury heard testimony from the victim, the victim's mother, the school counselor who reported the abuse, the lead police investigator for the case, the lead therapist for Mr. Cortez's sex offenders' counseling group, the Child Protective Services' case worker for the Cortez family, and from Mr. Cortez. During closing arguments, defense counsel appealed to the jury to assess punishment at ten years or less and to recommend probation.

The jury appears to have been keenly aware of the possibility of probation. During its deliberations, the jury asked four questions concerning probation:

- "If no probation is decided, can Mr. Cortez appeal his sentence?"
- "When would he start serving his sentence?"
- "If sentence is 10 yrs or less—is it only up to us to give probation?"
- "Can the judge grant probation if we do not want to grant it?"

The jury determined that probation was not appropriate; the jury assessed punishment at "10½ years"—six months over the maximum punishment for which probation is permitted.

Mr. Cortez contends that he was denied a fair trial by the trial court's failure to list all possible conditions of probation in the jury charge. He relies on *Ellis v. State,* 723 S.W.2d 671 (Tex.Crim.App.1986), to argue that the jury charge for his trial should have included all of the possible conditions that may be placed on a person granted probation. Mr. Cortez argues that failure to include conditions of probation constituted fundamental error and requires a new trial under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g). Additionally, Mr. Cortez contends that this court's previous holding in *Valenciano v. State,* 705 S.W.2d 339 (Tex.App.—San Antonio 1986, pet ref'd), *cert. denied,* 484 U.S. 861, 108 S.Ct. 177, 98 L.Ed.2d 130 (1987), in which the court rejected a similar argument, conflicts with the decision in *Ellis.*

At trial, Mr. Cortez failed to object to the omission of probationary conditions from the jury charge. Because he did not object, he must show that the omission was fundamental error that resulted in egregious harm to constitute reversible error. *See Arline v. State,* 721 S.W.2d 348, 351–52 (Tex. Crim.App.1986); *Almanza,* 686 S.W.2d at 171. We first note, that contrary to Mr. Cortez's argument, the Court of Criminal Appeals did not hold that a jury charge must include all of the possible conditions of probation in *Ellis. Ellis* involved a jury charge that purportedly included all available conditions of probation; however, the charge did not include five available conditions. The Court determined that a charge instructing the jury on the parameters of probation that does not include all available conditions constitutes error where the issue of probation is closely contested and erroneous information concerning probation is given to the jury. In the instant case, the charge did *not* instruct the jury on any probationary conditions. Thus, *Ellis* does not control here.

Likewise, this court's holding in *Valenciano v. State* is not controlling. *Valenciano* considered error in a jury charge where the defendant specifically requested that the conditions of probation be included in the charge. Here, defense counsel did *not* request that conditions of probation be included in the charge. Also, *Valenciano* considered different circumstances than the Court of Criminal Appeals considered in *Ellis* and thus, this court's decision in *Valenciano* does not conflict with *Ellis.*

Although neither *Ellis* nor *Valenciano* controls, the Court of Criminal Appeals decision in *Yarbrough v. State*, 779 S.W.2d 844 (Tex.Crim.App.1989), is controlling. In *Yarbrough*, the Court of Criminal Appeals agreed with a decision by the Dallas court of appeals that held that the trial court was *not* required to submit the statutory terms of probation in the jury charge on punishment. *See Yarbrough*, 779 S.W.2d at 845 (agreeing with court of appeals that conditions of probation need not be included in jury charge ); *Yarbrough v. State*, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987) (holding trial court was *not* required to submit probation conditions in jury charge), *pet. dism'd, improvidently granted*, 779 S.W.2d 844 (Tex.Crim.App. 1989). In *Yarbrough*, the Court specifically overruled *Brass v. State*, a prior court of appeals decision that held that an accused is "entitled to have all of the allowable statutory terms and conditions of probation enumerated in the court's charge to the jury upon a proper objection or request." *See Yarbrough*, 779 S.W.2d at 844 (overruling *Brass v. State* that held conditions of probation must be included in charge); *see also Brass v. State*, 643 S.W.2d 443, 444 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd) (finding error where trial court denied defendant's request to submit conditions of probation in jury charge), *overruled by* 779 S.W.2d 845 (Tex.Crim.App.1989). The court of appeals decision in *Brass* stemmed from its interpretation of *Flores v. State* where the Court of Criminal Appeals endorsed the enumeration of probationary conditions in the jury charge. *See Flores v. State*, 513 S.W.2d 66, 69 (Tex. Crim.App.1974) (finding that although "it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused"). Despite this endorsement, no statute or decision requires the trial court to include conditions of probation in the jury charge. Consequently, the trial court did not err in this case where Mr. Cortez did not request that the conditions of probation be included in the jury charge, nor has fundamental error been shown. *Cf. McNamara v. State*, 900 S.W.2d 466, 468 (Tex.App.—Fort Worth 1995, no pet.) (holding that failure to enumerate conditions of probation in charge is not harmful); *Saenz v. State*, 879 S.W.2d 301, 306 (Tex.App.—Corpus Christi 1994, no pet.) (stating that trial court need not inform jury of any conditions of probation in charge); *Herrera v. State*, 848 S.W.2d 244, 248 (Tex.App.—San Antonio 1993, no pet.) (determining that omission of conditions of probation from jury charge is not fundamental error). Because the trial judge did not err, we overrule Cortez's points of error and affirm the conviction.