MEMORANDUM OPINION

No. 04-07-00256-CR





Willie
HOUSTON,

Appellant





v.





The
STATE of Texas,

Appellee





From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CR-2904

Honorable Philip A. Kazen, Jr., Judge
Presiding





Opinion by: Rebecca Simmons, Justice





Sitting: Alma L. López,
Chief Justice

Phylis J. Speedlin,
Justice

Rebecca Simmons, Justice





Delivered and Filed: June 18, 2008





AFFIRMED

Willie Houston was convicted by a jury of sexual
assault of a child and sentenced to fourteen years imprisonment. On appeal,
Houston contends the trial court erred by: (1) admitting the sexual assault
examination report because it constituted hearsay and was more prejudicial than
probative; (2) admitting the testimony of the sexual assault nurse because the
testimony was improper bolstering; (3) failing to instruct the jury with regard
to the terms and conditions of community supervision; and (4) failing to answer
the jury's question regarding the terms and conditions of community
supervision. Because the issues in this appeal involve the application of
well-settled principles of law, we affirm the trial court's judgment in this
memorandum opinion.

Sexual
Assault Examination Report

In his first issue, Houston
asserts the trial court erred in admitting the sexual assault examination
report because the report contained a history or details of the offense that
constituted hearsay and did not fall under an exception to the hearsay rule. (1) We review a trial court's decision to admit
evidence under an abuse of discretion standard. Torres v.
State, 71 S.W.3d 758, 760 (Tex.
Crim. App. 2002). Rule 803(4) provides an exception to the hearsay rule
for "[s]tatements made for purposes of medical
diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the
cause or external source thereof insofar as reasonably pertinent to diagnosis
or treatment." Tex. R. Evid. 803(4). This
exception has been applied to admit statements by child victims of sexual
assault to medical care providers regarding the source of their injuries. Burns v. State, 122 S.W.3d 434, 438 (Tex. App.--Houston
[1st Dist.] 2003, no pet.); Beheler v.
State, 3 S.W.3d 182, 189 (Tex. App.--Fort Worth 1999, pet. ref'd). The sexual assault nurse who testified
stated that the sexual assault examination is undertaken for purposes of
medical diagnosis and treatment and the details of the offense included in the
history section of the report lead the sexual assault nurse in the direction of
where to look for potential injuries and any type of aftercare that may be
needed. Because the history section of the report was used for purposes of
medical diagnosis and treatment, the trial court did not abuse its discretion
in admitting the report.

In his second issue, Houston
asserts the trial court erred in admitting the sexual examination report
because its probative value was substantially outweighed by the danger of
unfair prejudice. Houston
failed to preserve this complaint because he did not object to the admission of
the report on this basis. See Berry v.
State, 233 S.W.3d 847, 857 (Tex. Crim.
App. 2007); Tex.
R. App. P. 33.1(a).

Testimony of
Sexual Assault Nurse

In his third issue, Houston
argues the trial court erred in admitting the testimony of the sexual assault
nurse because it was improper bolstering. Houston
cites to the objection he made to the admission of the sexual assault
examination report where he argued that the report was an attempt to bolster
testimony. Houston
did not object to the admission of the nurse's testimony on this basis.
Accordingly, Houston
failed to preserve this complaint for our review. See Berry,
233 S.W.3d at 857; Tex.
R. App. P. 33.1(a).

Jury Charge
and Jury Question

In his fourth issue, Houston
contends the trial court erred in refusing his request that the jury be
instructed on the terms and conditions of community supervision in the jury
charge given at the punishment phase of trial. The trial court, however, was
not required to include such an instruction. Yarbrough v. State, 779 S.W.2d 844. 845 (Tex. Crim. App. 1989); Cagle v.
State, 23 S.W.3d 590, 594-95 (Tex. App.--Fort Worth 2000, pet. ref'd); see also Cortez v. State, 955 S.W.2d 382,
384 (Tex. App.--San Antonio 1997, no pet.). Accordingly, the trial court did
not err in refusing Houston's
request.

In his fifth issue, Houston
contends that the trial court erred in responding to the jury's question
regarding the types of restrictions that would be imposed if the jury
recommended probation by informing the jury that it had all of the law in the
case. Even assuming the trial court erred in refusing to provide a response
detailing the types of restrictions that could be imposed,
no harm resulted from such error. The jury was instructed that it could
recommend probation only if it assessed punishment at not more than ten years.
In this case, the jury assessed punishment at fourteen years; therefore, it
could not have recommended probation. See Cash v. State, No. 14-00-00308-CR,
2001 WL 491061, at *2 n.7 (Tex. App.--Houston [14th Dist.] May
10, 2001, pet. ref'd) (noting even if trial
court erred in failing to submit question on community supervision, no harm
resulted where jury assessed forty year sentence) (not designated for
publication).

Conclusion

The trial court's judgment is affirmed.





Rebecca Simmons, Justice





DO NOT PUBLISH 

1. Although Houston
also asserts in his brief that the alleged assailant's name should have been
redacted from the report, the hearsay objection at trial was to the history or
details of the offense contained in the report. Therefore, Houston's complaint relating to the redaction
of the alleged assailant's name was not preserved for our review. Tex. R. App.
P. 33.1(a); Gallo v. State, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007)
(noting objection at trial must comport with argument on appeal).