



## MEMORANDUM OPINION

No. 04-07-00256-CR

Willie **HOUSTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-2904
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Alma L. López, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 18, 2008

AFFIRMED

Willie Houston was convicted by a jury of sexual assault of a child and sentenced to fourteen years imprisonment. On appeal, Houston contends the trial court erred by: (1) admitting the sexual assault examination report because it constituted hearsay and was more prejudicial than probative; (2) admitting the testimony of the sexual assault nurse because the testimony was improper bolstering; (3) failing to instruct the jury with regard to the terms and conditions of community supervision; and (4) failing to answer the jury's question regarding the terms and conditions of

community supervision. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

### SEXUAL ASSAULT EXAMINATION REPORT

In his first issue, Houston asserts the trial court erred in admitting the sexual assault examination report because the report contained a history or details of the offense that constituted hearsay and did not fall under an exception to the hearsay rule.[1] We review a trial court's decision to admit evidence under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). Rule 803(4) provides an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." TEX. R. EVID. 803(4). This exception has been applied to admit statements by child victims of sexual assault to medical care providers regarding the source of their injuries. *Burns v. State*, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd). The sexual assault nurse who testified stated that the sexual assault examination is undertaken for purposes of medical diagnosis and treatment and the details of the offense included in the history section of the report lead the sexual assault nurse in the direction of where to look for potential injuries and any type of aftercare that may be needed. Because the history

---

[1]Although Houston also asserts in his brief that the alleged assailant's name should have been redacted from the report, the hearsay objection at trial was to the history or details of the offense contained in the report. Therefore, Houston's complaint relating to the redaction of the alleged assailant's name was not preserved for our review. TEX. R. APP. P. 33.1(a); *Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007) (noting objection at trial must comport with argument on appeal).

section of the report was used for purposes of medical diagnosis and treatment, the trial court did not abuse its discretion in admitting the report.

In his second issue, Houston asserts the trial court erred in admitting the sexual examination report because its probative value was substantially outweighed by the danger of unfair prejudice. Houston failed to preserve this complaint because he did not object to the admission of the report on this basis. *See Berry v. State*, 233 S.W.3d 847, 857 (Tex. Crim. App. 2007); TEX. R. APP. P. 33.1(a).

### TESTIMONY OF SEXUAL ASSAULT NURSE

In his third issue, Houston argues the trial court erred in admitting the testimony of the sexual assault nurse because it was improper bolstering. Houston cites to the objection he made to the admission of the sexual assault examination report where he argued that the report was an attempt to bolster testimony. Houston did not object to the admission of the nurse's testimony on this basis. Accordingly, Houston failed to preserve this complaint for our review. *See Berry*, 233 S.W.3d at 857; TEX. R. APP. P. 33.1(a).

### JURY CHARGE AND JURY QUESTION

In his fourth issue, Houston contends the trial court erred in refusing his request that the jury be instructed on the terms and conditions of community supervision in the jury charge given at the punishment phase of trial. The trial court, however, was not required to include such an instruction. *Yarbrough v. State*, 779 S.W.2d 844. 845 (Tex. Crim. App. 1989); *Cagle v. State*, 23 S.W.3d 590, 594-95 (Tex. App.—Fort Worth 2000, pet. ref'd); *see also Cortez v. State*, 955 S.W.2d 382, 384

(Tex. App.—San Antonio 1997, no pet.). Accordingly, the trial court did not err in refusing Houston's request.

In his fifth issue, Houston contends that the trial court erred in responding to the jury's question regarding the types of restrictions that would be imposed if the jury recommended probation by informing the jury that it had all of the law in the case. Even assuming the trial court erred in refusing to provide a response detailing the types of restrictions that could be imposed, no harm resulted from such error. The jury was instructed that it could recommend probation only if it assessed punishment at not more than ten years. In this case, the jury assessed punishment at fourteen years; therefore, it could not have recommended probation. *See Cash v. State*, No. 14-00-00308-CR, 2001 WL 491061, at *2 n.7 (Tex. App.—Houston [14th Dist.] May 10, 2001, pet. ref'd) (noting even if trial court erred in failing to submit question on community supervision, no harm resulted where jury assessed forty year sentence) (not designated for publication).

## CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH