**David Gilbert BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–02–00652–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 2003.

Dick DeGuerin, Matt Hennessy, DeGuerin & Dickson, Houston, TX, for Appellant.

Carmen Castillo Mitchell, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellant, David Gilbert Burns, was charged by indictment with the offense of aggravated sexual assault of a child. A jury found appellant guilty, and the trial court assessed punishment at 65 years' confinement. Appellant, in four points of error, contends that (1) his trial counsel rendered ineffective assistance by failing to object to hearsay testimony; (2) the trial court erred by allowing a psychologist to testify that, in her expert opinion, complainant was truthful in alleging that appellant sexually assaulted her; (3) the trial court erred by permitting a psychologist to testify over objection that appellant promised not to sexually assault complainant's sister if complainant kept quiet; and (4) the trial court allowed improper jury argument comparing this case to other cases involving other defendants. We affirm.

## BACKGROUND

Appellant divorced Debra Burns Cheek in September 1991. He had two daughters with Debra, complainant, A.B., and her sister, M.B. Appellant had only sporadic contact with Debra and his daughters. Appellant stayed with Debra, A.B., and M.B. for several days in May 1997, at which time A.B. was 13 years old. During this stay, appellant stayed at Debra's home to watch the girls while their mother was at work. Debra worked as a bartender from about 7:00 PM to 2:00 AM. On one night during this stay, Debra returned home to see appellant and A.B. sleeping on a mattress on the living room floor. Appellant usually slept on the couch during his stays with his ex-wife and daughters. A.B. testified that she had wanted to sleep in the living room where appellant was so she could talk to him and watch television because she had not seen him in a while. A.B. placed her mattress on the floor and

she and appellant spoke for a while. A.B. testified that, when she was trying to fall asleep, appellant rubbed her thigh, kissed her on the cheek, and said, "Daddy loves you." A.B. then testified that appellant touched her privates on the outside, then took her panties off and penetrated her digitally. Debra testified that after appellant moved out of the house, she noticed that A.B. was withdrawn and her grades started falling. In September 1999, A.B. collapsed from an overdose of prescription pills and was hospitalized. When A.B. regained consciousness in the hospital and was able to speak, she told her mother that appellant had abused her while they were both lying on the mattress. A.B. underwent therapy for the incident, speaking to Dr. Perry and Dr. Guttentag regarding it.

## DISCUSSION

### Ineffective Assistance of Counsel

In his first point of error, appellant contends that his trial counsel rendered ineffective assistance by failing to object to hearsay testimony, specifically the testimony from Debra that complainant had told her appellant had sexually assaulted complainant.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) but for counsel's error, the result of the proceedings would have been

different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Thompson,* 9 S.W.3d at 812; *Gamble,* 916 S.W.2d at 93.

▮ It is the defendant's burden to prove ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. Defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson,* 9 S.W.3d at 813; *Gamble,* 916 S.W.2d at 93.

▮ The record gives no indication of the strategy or reasons behind the decisions of appellant's counsel, including trial counsel's failure to object to the particular testimony of Debra regarding what complainant told her. This court will not engage in speculation about counsel's reasons or strategy. *See Bone v. State,* 77 S.W.3d 828, 835 (Tex.Crim.App.2002). We overrule appellant's first point of error.

### Testimony Regarding Complainant's Truthfulness

In his second point of error, appellant contends that the trial court erred at two different times by permitting a psychologist, Dr. Guttentag, to testify that, in her expert opinion, the complainant was truthful in alleging that appellant sexually assaulted her. Appellant contends that Guttentag's comment that the results of tests suggested that A.B. was answering questions in an open, nondefensive, and truthful manner was a comment on A.B.'s truthfulness, as was Guttentag's testimony that "[t]he primary traumatic experience that [A.B.] spoke about was her father having molested her."

▮ Appellant correctly states that expert testimony that a particular witness is truthful is absolutely inadmissible under rule 702. Tex.R. Evid. 702; *Yount v.*

*State,* 872 S.W.2d 706, 711 (Tex.Crim.App. 1993); *see also, Schutz v. State,* 957 S.W.2d 52, 59 (Tex.Crim.App.1997). However, expert testimony that a child did not exhibit the traits of manipulation is not a direct comment upon the truth of the child's allegations and thus is admissible. *See Schutz,* 957 S.W.2d at 73. Therefore, while an expert is not allowed to directly comment on a complainant's "truthfulness," an expert may testify to behaviors and traits that might be indicia of manipulation. *Id.* Here, Guttentag stated that the results of tests administered to A.B. suggested that she was answering the questions on the tests in an open, nondefensive, and truthful manner. She limited her comments to A.B.'s answers of the questions on the examinations and did not attempt to suggest that A.B. was generally truthful. Furthermore, the jury was instructed that her testimony only went to what the test showed and did not extend to any other character trait or truthfulness of anything except for the particular test.

Similarly, Guttentag's testimony that the primary traumatic experience that A.B. spoke about—her father's having molested her—was not a comment on A.B.'s truthfulness or a statement of opinion by an expert as to the truthfulness of A.B.'s claims. This testimony was elicited from Guttentag in response to a question from the prosecution regarding what A.B. indicated the cause of her symptoms was. She replied to this direct question without indicating her belief regarding the credibility of A.B.'s statement, limiting her reply to her memory of A.B.'s statement. We overrule appellant's second point of error.

### Hearsay Objection

In his third point of error, appellant contends that the trial court erred by permitting Guttentag to testify, over a hearsay objection, that appellant promised not to sexually assault A.B.'s sister if A.B.

kept quiet. Dr. Guttentag testified regarding reasons for child victims of sexual abuse to delay reporting the abuse as follows:

A: One [reason] might be if the child has a fear of what might happen if they do disclose. Another reason could be that they feel some amount of self-blame or shame inside about it; and, therefore, they're embarrassed or humiliated to talk about what happened to them. They also could be trying to protect someone else if they were to disclose. So those are some of the reasons.

Q [Prosecutor]: Were you able to get at any of those types of reasons with A.B. in your conversations with her?

A: I'd have to refer to my notes about exactly what was said.

A: I do not have in my notes whether the information I could speak to came directly from A.B. or her mom. I have something about it in my report, but I'm not clear as to whether it was something A.B. told me or mom told me.

Q: Did you have information—

A: Yes.

Q: —concerning her abuse?

A: Yes.

Q: And that was?

A: And that was that A.B. was reported—

Defense counsel: Object to the hearsay nature of this response.

Court: It's overruled.

A: *That A.B. was reportedly told by her father that he would not abuse her sister M.B. if A.B. kept the abuse a secret.*

At this point, defense counsel moved for a mistrial, which was denied. Appellant contends that if the statement was made by appellant's mother, then the statement is purely inadmissible hearsay and should be barred. Further, appellant contends

that if A.B. told Guttentag that appellant said he would not sexually assault A.B.'s sister if she did not report appellant's sexual assault of her, it would still be barred because the statement was not made in furtherance of any medical diagnosis or treatment and thus would not be saved under rule 803(4). *See* Tex.R. Evid. 803(4).

### *Rule 803(4) Exception to Hearsay*

Rule 803(4) provides an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Tex.R. Evid. 803(4). This exception has been interpreted to include statements by suspected victims of child abuse as to the source of their injuries. *See Puderbaugh v. State*, 31 S.W.3d 683, 685 (Tex.App.-Beaumont 2000, pet. ref'd); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex.App.-Fort Worth 1999, pet. ref'd). This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment. *Beheler*, 3 S.W.3d at 188.

In *Sandoval v. State*, we held that the statements of a third party related to the suspected victim of child abuse as to the cause and source of the injuries can be admitted under rule 803(4) as long as the person making the statement has an interest in proper diagnosis or treatment. *Sandoval v. State*, 52 S.W.3d 851, 856–57 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd).

■ In the instant case, the statement was made to Guttentag during A.B.'s treatment at the Child Trauma Program. Guttentag testified that the counselors at the program were evaluating A.B. for the purpose of getting to know her and what

concerns she had and the concerns of her mother in order to recommend treatment for her. Knowledge of A.B.'s problems, including emotional issues, whether garnered from A.B. or Debra, would help determine her future course of treatment. The statement was made for the purpose of medical diagnosis and falls under the exception contained in rule 803(4) of the Texas Rules of Evidence. We overrule appellant's third point of error.

### Improper Jury Argument

In his fourth point of error, appellant asserts that the prosecutor's statement during his closing argument, "If you want more evidence than that, there will be no defendant in Harris County who could be convicted of sexual assault" referred to other cases involving other defendants and thus was improper jury argument. The State's argument was:

> The documents that you do have, you have the documents from the hospital. Those are admissible. You have the documents from the Children's Assessment Center, and those are admissible. And you could look through them and you can see that in both situations she reported to those individuals she was molested by her father. She said it over and over again. How many times does this young lady have to say it to be heard? How many times? And if it was a lie, folks, all those times over and over and over again that she told people so that the 12 of you would know what he did, how many times does she have to say it and what other evidence could you possibly expect there to be? What evidence do you think there's going to be— we talked about this in voir dire—in a case where a man molested his child in a dark room where no one else is present and no one else is around? That's all you have is her telling you over and over again consistently he did it. *If you want more evidence than that, there will*

*be no defendant in Harris County who could be convicted of sexual assault.* (Emphasis added.)

Defense counsel objected, saying that this statement was outside the law and the evidence. This objection was overruled.

 Permissible jury argument falls into one of four categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to opposing counsel; and (4) plea for law enforcement. *Goff v. State*, 931 S.W.2d 537, 547–48 (Tex.Crim.App.1996). We look to three factors to determine if reversal is warranted due to improper jury argument: (1) the severity and magnitude of the prejudicial effect of the remarks, (2) the measures taken to cure the misconduct and, (3) the certainty of conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App.1998).

 The prosecutor's comment, "If you want more evidence than that, there will be no defendant in Harris County who could be convicted of sexual assault," was a proper plea for law enforcement. The prosecutor was stating that, while all of the testimony was based on the statements of one witness, the testimony of one witness is enough for a conviction. This is a correct statement of the law. The prosecutor was also countering the defense argument that all of the other testimony was based on the statement of just one witness. She argued that, because in most sexual assault cases there is only one witness, to require more than that would make the law meaningless. Appellant's fourth point of error is overruled.

### CONCLUSION

We affirm the judgment of the trial court.