Opinion Issued November 24, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00782-CR




KEVIN JOHN CRODY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 02CR2359




MEMORANDUM OPINION

          A jury found Kevin John Crody guilty of sexual assault of a child and assessed
punishment at twelve years’ confinement. In a single point of error, Crody argues
that the trial court erred in admitting information from medical records indicating
Crody committed the offense. We affirm.
Facts and Procedural History
          In June of 1999, Children’s Protective Services placed twelve-year-old E.C. in
the home of Kevin and Tammy Crody as a foster child. Kevin and Tammy formally
adopted E.C. about two and a half years later. E.C. alleged that Kevin Crody had
engaged in sexual contact with her from shortly after she moved in until September
of 2002 when she disclosed the abuse. On October 8, 2002, Dr. Lukefahr and the
staff of the ABC Center at the University of Texas Medical Branch (UTMB)
examined E.C. to determine if Crody had sexually abused her. The ABC Center
medical report stated that Kevin Crody was the perpetrator of the sexual abuse, but
it did not disclose the source of this information. During the trial, the court allowed
Dr. Lukefahr to testify that, according to the ABC Center medical examination
records, E.C. had named Kevin Crody as the perpetrator of the alleged sexual abuse. 
Defense counsel objected to this testimony on the ground that it was inadmissible
hearsay. The court overruled the objection and held that the testimony was
admissible under the medical treatment exception to the hearsay rule. Tex. R. Evid.
803(4).Exception to Hearsay
          Crody contends that the trial court erred in allowing Dr. Lukefahr to testify as
to whom the ABC Center medical report named as the perpetrator of the sexual abuse. 
Specifically, Crody contends that Dr. Lukefahr’s testimony was inadmissible hearsay
and that it improperly influenced the jury by bolstering E.C.’s credibility.
          We review a trial court’s decision to admit or exclude evidence under an abuse
of discretion standard. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003);
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Roberts v. State, 29
S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). A reviewing
court should not reverse unless the record shows a clear abuse of discretion. Zuliani,
97 S.W.3d at 595. An abuse of discretion occurs only when the trial judge’s decision
was so clearly wrong as to lie outside that zone within which reasonable persons
might disagree. Zuliani, 97 S.W.3d at 595; Torres, 71 S.W.3d at 760; Roberts, 29
S.W.3d at 600.
          Generally, hearsay testimony is inadmissable at trial. Tex. R. Evid. 802. Rule
803(4) provides an exception to the hearsay rule for “statements made for the
purposes of medical diagnosis or treatment and describing medical history, or past or
present symptoms, pain, or sensations, or the inception or general character of the
cause or external source thereof insofar as reasonably pertinent to diagnosis or
treatment.” Tex. R. Evid. 803(4). Courts have interpreted this exception to include
statements by complainants alleging child abuse as to the source of their injuries. 
Burns v. State, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2001, no pet.);
Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet. ref’d);
Beheler v. State, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref’d); French
v. State, No. 01-02-00775-CR, 2004 WL 637789, at *4 (Tex. App.—Houston [1st
Dist.] Apr. 1, 2004, pet. ref’d) (not designated for publication); Joseph v. State, No.
01-02-01109-CR, 2004 WL 637924, at *9 (Tex. App.—Houston [1st Dist.] Apr. 1,
2004, pet. ref’d) (not designated for publication). This exception is based on the
assumption that the patient understands the importance of being truthful with the
medical personnel to receive an accurate diagnosis and treatment. Burns, 122 S.W.3d
at 438. The exception also extends to the statements of a third party related to the
suspected victim of child abuse as to the cause and source of the injuries, as long as
the person making the statement has an interest in proper diagnosis and treatment. 
Id. (citing Sandoval v. State, 52 S.W.3d 851, 856-57 (Tex. App.—Houston [1st Dist.]
2001, pet. ref’d)).
          In this case, E.C. underwent a sexual-assault examination at the ABC Center
of UTMB. Dr. Lukefahr testified that when Children’s Protective Services or a law
enforcement agency refers a child to the ABC Center for the purposes of a sexual-
assault examination, the child is escorted back to an interview room where the staff
explores the details of the allegations and the circumstances that led to the referral. 
Before the child’s arrival, the ABC Center staff obtains background information on
the child from the Child Protective Services investigator or the law enforcement
investigator. The staff then performs a general physical exam, and a genital exam
using a colposcope.


 The complete medical report prepared by the ABC Center
consists of history, physical findings, and, when pertinent, laboratory or x-ray
findings. Dr. Lukefahr testified that it is commonplace in the medical field to review
medical records and colposcope photos and then give a medical opinion. 
          During the trial, when the prosecutor asked Dr. Lukefahr whom the ABC
Center report named as the perpetrator of the sexual abuse, defense counsel objected
on hearsay grounds. The court overruled the objection and noted defense counsel’s
exception to the ruling. Dr. Lukefahr then testified that the report named Kevin
Crody as the perpetrator. In a brief voir dire, however, Dr. Lukefahr admitted that the
medical report did not specify who had identified Kevin Crody. Lukefahr testified
that Kevin Crody’s name could have come from E.C., E.C.’s mother, or the police. 
E.C. testified that she did not recall telling the staff at the ABC Center that Kevin
Crody had abused her.
          The State has failed to prove that someone who had an interest in the proper
diagnosis of the victim gave Kevin Crody’s name to the ABC Center as the
perpetrator. See Burns, 122 S.W.3d at 438. The record does not contain evidence of
the source of Kevin Crody’s name in the ABC Center report. Because the State did
not prove the source Kevin Crody’s name in the ABC report, the trial court erred in
admitting Dr. Lukefahr’s testimony under the Rule 803(4) exception. See Burns, 122
S.W.3d at 438. Harm Analysis
          Error in the admission of evidence is non-constitutional error subject to a harm
analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Tex. R. App.
P 44.2(b); see Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We must disregard any non-constitutional error that does not affect substantial rights. Tex. R. App. P. 44.2(b). 
An error affects a substantial right when the error has a substantial and injurious
effect or influence in determining the jury’s verdict. See King, 953 S.W.2d at 271. 
Appellate courts should not overturn a criminal conviction for non-constitutional
error if the court, after examining the record as a whole, has fair assurance that the
error did not influence the jury, or had but slight effect. See Johnson, 967 S.W.2d at
417. The improper admission of evidence does not constitute reversible error if other
properly admitted testimony proves the same facts. See Brooks v. State, 990 S.W.2d
278, 287 (Tex. Crim. App. 1999).
          Crody contends that the erroneous admission of Dr. Lukefahr’s testimony
caused him harm because in essence, Dr. Lukefahr stamped E.C.’s testimony with the
imprimatur of his experience. The cases Crody cites in support of this contention are
inapplicable.


 Dr. Lukefahr’s testimony that the ABC Center report stated that Kevin
Crody was the perpetrator of the sexual assault is not an opinion as to the credibility
of the complaining witness. 
          Ample evidence exists in the record that proves the same facts as Dr.
Lukefahr’s testimony. E.C. testified that Crody sexually abused her from June of
1999 until September of 2002. Detective Anguiano testified that Crody admitted to
having sex with E.C. when she went to his house to ask him questions about the
sexual abuse allegations. The jury also had access to a signed confession Crody made
after his arrest. 
          After examining the record, we hold that the erroneous admission of Dr.
Lukefahr’s testimony was harmless. E.C.’s testimony, Detective Anguiano’s
testimony and Crody’s signed confession prove the same facts as Dr. Lukefahr’s
testimony. See Brooks, 990 S.W.2d at 287. Thus, the erroneous admission of Dr.
Lukefahr’s testimony was harmless. 
 

Conclusion
          We affirm the judgment of the trial court. 
 
 

                                                             Jane Bland 
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).