Affirmed and Memorandum Opinion filed July 26, 2005









Affirmed and Memorandum Opinion filed July 26, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-04-00475-CR

          14-04-00476-CR

____________

 

ANGEL DAVID DE LA
CRUZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 963,294
& 963,296

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Angel David De
La Cruz of two counts of aggravated sexual assault of a child and sentenced him
to fifty years= imprisonment.  On appeal, appellant claims that he received
ineffective assistance of counsel and that the trial court erred in admitting
improper hearsay testimony.  Because all
dispositive issues are clearly settled in law, we issue this memorandum
opinion.  Tex. R. App. P. 47.4.  We affirm.

STATEMENT OF FACTS

Appellant was convicted of two counts of
aggravated sexual assault of his daughter, C.D.[1]  C.D. made an outcry to her mother, Rosa
Vasquez, who subsequently called the police. 
Teresa Algaze-Espinosa, a psychotherapist, counseled C.D. from 2002
through 2004.  C.D. described details of
sexual assaults by her father during the therapy sessions.  Both the mother and the therapist testified
at trial concerning C.D.=s statements about the assaults.

In his first issue, appellant complains
that his trial counsel rendered ineffective assistance in failing to object to
testimonial hearsay offered through Ms. Algaze-Espinosa.  We utilize the usual standard of review.  Strickland v. Washington, 466 U.S.
668, 686 (1984).

In Crawford v. Washington, 541 U.S.
36, 53B54 (2004), the
United States Supreme Court held that in criminal proceedings, testimonial
hearsay of a declarant who did not testify at trial is inadmissable unless the
proponent demonstrates that: (1) the declarant is unavailable to testify and
(2) the defendant has had a previous opportunity to cross-examine the
declarant.  This principle is firmly
grounded in the Confrontation Clause of the Sixth Amendment of the United
States Constitution, the right of a defendant to cross-examine an accuser.  U.S.
Const. amend. VI.

We believe that this case does not fall
within the ambit of Crawford.  Although appellant=s issue focuses on
Ms. Algaze-Espinosa=s testimony, not C.D.=s, the substance
of the testimony about which he complains on appeal is, in point of fact, C.D.=s accusations as
related to and repeated by the therapist. C.D. herself testified at trial, and
appellant had an opportunity to, and, indeed, did cross-examine her.  See Crawford v. State, 139 S.W.3d 462,
465 (Tex. App. B Dallas 2004, pet. ref=d) (testimonial
hearsay admissible when declarant testified at trial and was subject to
cross-examination).  Therefore, the logic
of Crawford does not apply.  Trial
counsel was not ineffective for having failed to object on that basis.  We overrule issue one.








In issue two, appellant complains that
trial counsel rendered ineffective assistance by failing to object to Ms.
Algaze-Espinosa=s opinion testimony as inadmissible
hearsay.  Trial counsel was ineffective
only if a proper objection would have been sustained, and then only if such
performance would have resulted in a different outcome at trial.  See Ortiz v. State, 93 S.W.3d 79, 93
(Tex. Crim. App. 2002); Hammond v. State, 942 S.W.2d 703, 710 (Tex. App.CHouston [14th
Dist.] 1997, no pet.). 

          The State offered Ms. Algaze-Espinosa
as an expert to opine, based on her observations of C.D. during therapy,
whether C.D.=s behavior and demeanor were consistent
with those of a sexual abuse victim.  Ms.
Algaze-Espinosa=s 
testimony consisted largely of a recitation of what C.D. told her and of
the girl=s behavior and
demeanor.  Appellant claims that this
testimony was inadmissible hearsay under Texas Rule of Evidence 705(d) and that
trial counsel was ineffective for failing to object.  Tex.
R. Evid. 705(d).

Rule 705(d), entitled ADisclosure of
Facts or Data Underlying Expert Opinion,@ provides: 

When the
underlying facts or data would be inadmissible in evidence, the court shall
exclude the underlying facts or data if the danger that they will be used for a
purpose other than as explanation of support for the expert=s opinion
outweighs their value as explanation or support or are unfairly
prejudicial.  If otherwise inadmissible
facts or data are disclosed before the jury, a limiting instruction by the
court shall be given upon request.    

Tex. R. Evid. 705(d).  This rule does not govern the admissibility
of Ms. Algaze-Espinosa=s testimony because her testimony was
admissible under another rule of evidence.  









Tex. R. Evid. 803(4) provides an
exception to the prohibition against hearsay for A[s]tatements made
for purposes of medical diagnosis or treatment and describing medical history .
. . .@  Tex.
R. Evid. 803(4).  Included within
this exception are statements made by suspected victims of child abuse
regarding sources of their injury.  See
Burns v. State, 122 S.W.3d 434, 438 (Tex. App. C  Houston [1st Dist.] 2003, pet. ref=d).  Non-physicians may testify under this hearsay
exception.  Gregory v. State, 56
S.W.3d 164, 183 (Tex. App. C Houston [14th
Dist.] 2001, pet. dism=d). 
The logic behind this exception is that statements made in this context
evidence a high degree of reliability because declarants are naturally
motivated to be truthful when seeking medical assistance.  Burns, 122 S.W.3d at 438.  Ms. Algaze-Espinosa=s testimony falls
within the Rule 803(4) exception to the prohibition against hearsay.

Because Ms. Algaze-Espinosa=s testimony was
admissible under the rules of evidence, trial counsel was not ineffective for
failing to object on the basis of inadmissible hearsay.  We overrule issue two.

In issue three, appellant complains that
trial counsel rendered ineffective assistance by failing to request a limiting
instruction under Tex. R. Evid. 705(d).  Based on our holding that Rule 705(d) does
not control Ms. Algaze-Espinosa=s testimony, such
a limiting instruction was not necessary. 
We therefore overrule issue number three.

In issue four, appellant complains that
the trial court erred in admitting hearsay testimony under the medical
diagnosis and treatment exception to the prohibition against hearsay.  Specifically, appellant claims that Ms.
Algaze-Espinosa=s testimony does not qualify for this
exception because C.D.=s statements were not reliable.  He posits that C.D. had no incentive to be
truthful because Ms. Algaze-Espinosa did not explain treatment goals to
her.  Appellant did not object to Ms.
Algaze-Espinosa=s testimony on the basis of hearsay.  Therefore, this issue has not been preserved
for review on appeal. Tex. R. App. P.
33.1.  We overrule issue four.








In issue five, appellant claims that his
trial counsel rendered ineffective assistance for failing to object to Ms.
Algaze-Espinosa=s testimony on the basis that it did not
meet the requirements of the medical diagnosis and treatment exception to the
prohibition against hearsay. Once again, this issue refers to the lack of
reliability of C.D.=s statements based on what appellant
claims to be the failure of Ms. Algaze-Espinosa to explain treatment goals to
C.D.  In point of fact, Ms.
Algaze-Espinosa testified that AI explained the
therapy process [to the mother and C.D.] and I explained the reason that CPS
had referred them to my agency and the purpose of the therapy which was to
alleviate the symptomology that C.D. was showing . . . .@  This testimony suffices as an adequate
predicate for the application of Rule 803(4).  
Therefore, trial counsel=s performance was
not ineffective for failing to object.  See
Ortiz, 93 S.W.3d at 93; Hammond, 942 S.W.2d at 710.  We overrule issue five.

We affirm the judgment of the trial court.


 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 26, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Pursuant to Tex. Code Crim. Proc. Ann. Art.
57.02(h) (Vernon 2002), the complainant will be referred to by her initials.