Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00774-CR

Jose **URIBES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 10,254CR
Honorable Thomas F. Lee, Judge Presiding

Opinion by: Steven C. Hilbig, Justice

Sitting: Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed: February 11, 2009

AFFIRMED

A jury convicted Jose Uribes of aggravated sexual assault of a child, and he was sentenced to fifteen years imprisonment. Uribes appeals, claiming (1) the trial court erred in allowing the State to "bolster" the victim's testimony and in admitting hearsay evidence, and (2) ineffective assistance of counsel. We affirm the trial court's judgment.

A rendition of the facts underlying the charged offense are unnecessary for the disposition of the appeal. Any necessary facts will be set forth within the relevant point of error.

**BOLSTERING**

Uribes argues the trial court erred in allowing a nurse to "testify in support of the child's credibility when the medical evidence was inconclusive." After the victim testified, the trial court allowed Sexual Assault Nurse Examiner Annette Santos to testify about statements made by the victim during a medical examination and Santos's experiences in treating child victims of sexual abuse. Santos testified the results of her examination of the victim were "normal" but most exams yield "normal" results if the exam occurs more than two-to-three days after the abuse. Uribes made numerous objections to the testimony, including a "bolstering" objection.

Uribes argues that by allowing Santos to testify, in essence, that "normal" results do not prove an absence of sexual abuse, she was permitted to "comment on the truthfulness of the child." In other words, he contends the State was allowed to improperly "bolster" the victim's credibility.

"'Bolstering' occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier *unimpeached* piece of evidence offered by the same party." *Guerra v. State,* 771 S.W.2d 453, 474 (Tex. Crim. App. 1988), *cert denied*, 492 U.S. 925 (1989); *see also Rivas v. State*, No. PD-1113-07, 2009 WL 187801, at *5 - *6 & n.3 (Tex. Crim. App., Jan. 28, 2009). Here, Uribes vigorously cross-examined the victim, attacking her testimony and accusing her of fabricating her claim of sexual abuse. The whole point of Uribes's cross-examination was to show the victim was lying. This impeachment by Uribes, which suggested fabrication, permitted corroboration of the victim's testimony by Santos. *See id.* Because Santos testified only after Uribes attempted to impeach the victim's testimony and accused her of fabrication, her testimony was not improper bolstering.

Moreover, testimony that informs the jury that sexual abuse does not always result in physical trauma is at best neutral testimony – this fact alone does not militate in favor or against a finding of sexual abuse. Santos never testified directly about the victim's credibility or honesty. Therefore, she never commented on the truthfulness of the victim's testimony. We overrule Uribes's first point of error.

## HEARSAY

Uribes next argues the court erred in admitting Santos's medical report, which contained a narrative of the victim's statement describing the sexual assault. He also argues Santos should not have been allowed to testify about those statements. We review a court's decision to admit evidence under an abuse of discretion standard. *Torres v. State,* 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We will not reverse a trial court's evidentiary ruling unless it falls outside the zone of reasonable disagreement. *Id*.

At trial and on appeal, Uribes argues the evidence should not have been admitted because Santos was not qualified to testify as the "outcry" witness. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 sec. 2(a) (Vernon 2005) (providing that child's statements made to first person over eighteen years, which describe alleged sexual assault, are admissible despite hearsay rule). However, the trial court did not admit the evidence based on article 38.072. Rather, the record shows the trial court admitted the evidence as a statement made for the purpose of medical diagnosis or treatment. Rule 803(4) of the Texas Rules of Evidence provides that statements made for the purposes of medical diagnosis or treatment are exceptions to the hearsay rule. TEX. R. EVID. 803(4). Rule 803(4) has been interpreted to include statements by victims of child abuse as to the source of their alleged injuries. *See Burns v. State,* 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Santos testified it was necessary to take a "history" of the abuse in order to properly diagnose and treat the child for possible infections or sexually transmitted diseases. The testimony falls squarely within rule 803(4). Accordingly, the trial court did not abuse its discretion in admitting the report and Santos's testimony.

## INEFFECTIVE ASSISTANCE

In his final point of error, Uribes complains he received ineffective assistance of counsel because his attorney did not request a limiting instruction when the victim testified about other acts of sexual abuse Uribes committed against her. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 sec. 2 (Vernon Supp. 2008) (providing that in prosecuting certain sexual offenses, evidence of other acts committed by defendant against victim is admissible notwithstanding rules 404 and 405 of Texas Rules of Evidence).

To establish ineffective assistance of counsel, a defendant must show trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The defendant bears the burden of proving ineffective assistance by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005). To show deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We presume trial counsel acted within the proper range of reasonable and professional assistance and that his trial decisions were based on sound strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)). To overcome this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively

demonstrate the alleged ineffectiveness." *Thompson,* 9 S.W.3d at 814 (quoting *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *cert. denied,* 519 U.S. 1119 (1997), *abrogated on other grounds by Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998)). We will not speculate as to the basis for counsel's actions; thus a silent record on the reasoning behind counsel's actions is sufficient to deny relief. *Stults v. State,* 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd); *see Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). To show he was prejudiced by counsel's deficient performance, a defendant must demonstrate there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland,* 466 U.S. at 700.

Uribes was entitled to a limiting instruction at the time the evidence was placed before the jury. *See Hammock v. State,* 46 S.W.3d 889, 895 (Tex. Crim. App.2001) (holding defendant entitled to limiting instruction on extraneous offenses when requested). The record is silent as to why counsel failed to request a limiting instruction at that time. Absent an explanation for counsel's omission, the failure to request a limiting instruction does not compel a conclusion that trial counsel's performance was deficient. *Ryan v. State,* 937 S.W.2d 93, 104 (Tex. App.—Beaumont 1996, pet. ref'd).

Moreover, the trial court charged the jury that it could not consider the extraneous evidence unless it was proved beyond a reasonable doubt and then only consider the evidence, if it chose to consider it at all, for the purpose of determining the relationship between Uribes and the victim and his state of mind. Because the jury was instructed to limit its consideration of the other acts of

sexual abuse, Uribes has not demonstrated that but for trial counsel's error, he would not have been convicted.

Uribes has failed in his burden to affirmatively demonstrate a deficient performance by his trial counsel and that the outcome of the trial would likely have been different. Accordingly, we overrule his final point of error.

### CONCLUSION

We overrule Uribes's points of error and affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do Not Publish