*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00446-CR

Donald **FULLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-5920
Honorable Sid Harle, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:    July 15, 2009

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

Defendant, Donald Fuller, was charged with nine counts of sexual assault and indecency with

a child.  A jury acquitted defendant of the first three counts, and found him guilty on two counts of

aggravated sexual assault of a child and four counts of indecency with a child.  The jury assessed

punishment at forty-seven years' confinement for each count of aggravated sexual assault, twelve

years' confinement for two counts of indecency with a child, thirteen years' confinement for the

other two counts of indecency with a child, and a $2,000 fine. On appeal, defendant asserts the trial court erred by allowing into evidence the sexual assault examination report, and the testimony of a State's witness. Defendant also contends the evidence is legally and factually insufficient to support the verdict on the sixth and ninth counts of indecency with a child. We affirm in part and reverse and render an acquittal in part.

## DISCUSSION

### A. Sexual Assault Examination Report

At trial, the State offered into evidence the written report of the complainant's sexual assault examination prepared by Dr. Nancy Kellogg, who is a pediatrician and the director of Child Safe, a children's advocacy center that helps sexually abused children. The report included detailed notes of the doctor's interview with the complainant in which the complainant described the sexual assault. During her testimony, Dr. Kellogg read this section of the report into the record. On appeal, defendant asserts the report was inadmissible hearsay and Dr. Kellogg's testimony in which she read a portion of the report that included the complainant's narrative of the assault was improper bolstering. We disagree.

In his first issue, defendant asserts the trial court erred in admitting the sexual assault examination report into evidence because the report contained a narrative of the offense that constituted hearsay and did not fall under an exception to the hearsay rule.

An exception is made to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." TEX. R. EVID. 803(4). "This exception has been

applied to admit statements by child victims of sexual assault to medical care providers regarding the source of their injuries." *Houston v. State*, No. 04-07-00256-CR, 2008 WL 2434126 (Tex. App.—San Antonio June 18, 2008, pet. ref'd) (mem. op., not designated for publication); *see also Uribes v. State*, No. 04-07-00774-CR, 2009 WL 330972 (Tex. App.—San Antonio Feb. 11, 2009, no pet.) (mem. op., not designated for publication); *Lawrence v. State*, No. 04-05-00395-CR, 2006 WL 228823 (Tex. App.—San Antonio Feb. 1, 2006, pet. ref'd) (mem. op., not designated for publication); *Burns v. State*, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd).

Dr. Kellogg testified that a sexual assault examination has two main components, obtaining the child's medical history, and the physical exam. Dr. Kellogg explained that the child's history, which includes the details of the assault, is essential in her diagnosis of the patient. The history is used to determine the type of examination and testing that are necessary, as well as the course of treatment that is best for the child. Here, the report was created for purposes of medical diagnosis and treatment. Therefore, the report was properly admitted into evidence under Rule 803(4).

In his second issue, defendant argues the trial court erred in allowing Dr. Kellogg to read the complainant's narrative from the sexual assault examination report into the record because it was improper bolstering.[1] Once a report is admitted into evidence, a party or a witness may read the document aloud to the jury. *See Wheatfall v. State*, 882 S.W.2d 829, 837-38 (Tex. Crim. App. 1994) (recognizing the common practice of reading documents admitted into evidence aloud as a means of "publishing" these documents to the jury); *Acevedo v. State*, 255 S.W.3d 162, 171 (Tex.

---

[1] We construe defendant's second issue on appeal as only complaining of the portion of Dr. Kellogg's testimony in which she read complainant's narrative from the sexual assault examination report. Defendant has not identified any other portions of Dr. Kellogg's testimony that he believes were erroneously admitted into evidence at trial.

App.—San Antonio 2008, pet. ref'd) (allowing a witness to read from a gunshot residue report admitted into evidence). When Dr. Kellogg read the history section of the report she was "publishing" the admitted evidence to the jury, not improperly bolstering the complainant's testimony. Accordingly, we conclude the trial court did not abuse its discretion in allowing Dr. Kellogg to read the history portion of the report into the record.

**B. Legal and Factual Sufficiency**

In his third issue, defendant contends the evidence is legally insufficient to support the verdict on both the sixth[2] and ninth counts of indecency with a child. In those counts, defendant was charged with intentionally and knowingly engaging in sexual contact with the complainant by causing complainant to touch his genitals. The State concedes the evidence is legally insufficient to support both counts. We agree because the evidence the jury heard regarding the complainant being forced to touch defendant indicates it happened on only one occasion. Therefore, the dispute for our resolution on this issue is determining which conviction to sustain and which to vacate.

Defendant was sentenced to twelve years' confinement for count six and thirteen years' confinement for count nine. Applying the "most serious offense" principal utilized in double jeopardy cases, we set aside defendant's conviction and sentence on count six and we retain the conviction and sentence on count nine. *See Littrell v. State*, 271 S.W.3d 273, 279 n.34 (Tex. Crim. App. 2008) ("The remedy for impermissible multiple convictions and punishments is to retain the

---

[2] Defendant's discussion of legal insufficiency in his brief refers to the disputed counts as counts eight and nine of the indictment. However, the substance of his argument refers to the charges of indecency by sexual conduct in which defendant made the complainant touch his genitalia. The only two convictions for indecency that refer to the defendant making the complainant touch his genitals are counts six and nine. Therefore, we assume defendant's reference to count eight was a typographical error.

most serious offense and vacate the other, the more serious offense ordinarily being defined as the offense for which the greatest sentence was assessed.")

In his fourth issue, defendant challenges the factual sufficiency of counts six and nine discussed above. Because we agree the evidence was legally insufficient to sustain a conviction for count six, we discuss only the factual sufficiency of the conviction of count nine. We review the factual sufficiency of the evidence under the well-established standard of review. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)); *Cain v. State*, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997)). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; therefore, reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury is also permitted to make reasonable inferences from the evidence. *Id.* at 254-55. Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The only evidence to support a conviction on count nine of the indictment, sexual contact with the complainant by causing complainant to touch his genitals, is the testimony of Dr. Kellogg and the sexual assault examination report. While complainant testified that she did not remember being forced to touch defendant's genitals, Dr. Kellogg testified that children can repress such memories or be too ashamed to talk about them. It was for the jury to determine the credibility of the witnesses and the weight to give to their testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) ("[T]he jury is the sole judge of a witness's credibility, and the weight to be given the testimony, it may choose to believe some testimony and disbelieve other testimony.").

Having reviewed the record, we conclude the jury's determination was not contrary to the overwhelming weight of the evidence.

## CONCLUSION

We sustain defendant's complaint on appeal that the evidence is legally insufficient to support the jury's verdict on count six of the indictment. We therefore affirm the judgment on all remaining counts, but reverse and render a judgment of acquittal on count six, indecency with a child.

Sandee Bryan Marion, Justice

DO NOT PUBLISH