**Opinion issued May 29, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00628-CR**

———————————

**JAVIER ARMANDO SOSA–MEDRANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1386421**

---

**MEMORANDUM OPINION**

A jury convicted Javier Armando Sosa–Medrano of indecency with a child.

The trial court assessed his punishment at five years' confinement. On appeal,

Sosa–Medrano contends that he was deprived of constitutionally effective assistance of counsel at trial because trial counsel failed to challenge the admission of the testimony of one of the State's witnesses. We conclude that Sosa–Medrano has failed to make the required showing that his trial counsel's representation was deficient; we therefore affirm.

## Background

In May 2010, Sosa–Medrano and his wife drove Erica Saldivar, his cousin's wife, and her three children to a doctor's office for an appointment. Before their arrival, J.S., Saldivar's four–year–old son, complained that he did not want to go to the doctor. Sosa–Medrano and his wife offered to take care of J.S. at their house while Saldivar and her other two children attended the appointment. Saldivar left J.S. in their care. After the appointment, Sosa–Medrano returned with J.S. to the doctor's office to drive Saldivar and her children to their home. After Saldivar and her children arrived home, she began to cook in the kitchen. In the kitchen, J.S. told Saldivar that Sosa–Medrano had touched J.S.'s bottom with his mouth. The following month, J.S. participated in an interview with Tasha James, a forensic interviewer at the Harris County Children's Assessment Center, to discuss the alleged sexual abuse.

2

*Course of proceedings*

At trial, James testified that J.S. competently answered age–appropriate questions about the alleged sexual abuse. Sosa–Medrano's counsel failed to object to this testimony.

**Discussion**

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The first prong of this test requires the defendant to show that counsel's performance fell below an objective standard of reasonableness, in that counsel made such serious errors he was not functioning effectively as counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812. Thus, the defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also*

3

*Thompson*, 9 S.W.3d at 812. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance or trial strategy. *Thompson*, 9 S.W.3d at 813.

The record must firmly support a claim of ineffective assistance. *Id.* The record on direct appeal is usually not sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Sosa–Medrano contends that his trial counsel was ineffective because he failed to object to James's expert testimony that J.S. had competently answered age–appropriate questions during the interview.

*Exclusion of evidence*

Under Texas Rule of Evidence 702, an expert may not proffer an opinion as to the veracity of a particular witness, or class of persons to whom the witness belongs. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). An opinion about another's truthfulness does more than "'assist the trier of fact to understand the evidence or to determine a fact in issue'; it decides an issue for the jury." *Id.* at 709 (emphasis omitted); *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The jury alone is to decide whether a

particular witness's testimony is credible. *See Yount*, 872 S.W.2d at 710–11. James gave the following testimony:

> State's counsel: Do you have any guidelines for age–appropriate interview questions that you ask?
>
> James: We do. . . . [H]e was able to tell me who, what, and where it had happened.
>
> State's counsel: . . . Was he able to answer . . . age–appropriate interview questions that you would expect a four to five–year–old to answer?
>
> James: Yes.

"[T]here is a 'fine but essential' line between helpful expert testimony and impermissible comments on credibility." *Schutz v. State*, 957 S.W.2d 52, 60 (Tex. Crim. App. 1997) (quoting *State v. Myers*, 382 N.W.2d 91, 98 (Iowa 1986)). For instance, an expert witness's testimony that, in her opinion, the child does not exhibit indications of coaching does not constitute an opinion on the child's ultimate truthfulness. *See id.* at 73; *Reynolds v. State*, 227 S.W.3d 355, 366 (Tex. App.—Texarkana 2007, no pet.); *Burns v. State*, 122 S.W.3d 434, 437 (Tex. App—Houston [1st Dist.] 2003, pet. ref'd) (expert's testimony regarding psychological test results, which suggested victim answered questions in open, non–defensive, and truthful manner, did not constitute impermissible comment on victim's truthfulness). Similarly, here, James's testimony that J.S. competently answered age–appropriate questions does not directly comment on J.S.'s truthfulness.

Sosa–Medrano relies on *Miller v. State*, 757 S.W.2d 880 (Tex. App.—Dallas 1988, pet. ref'd). Sosa–Medrano's reliance, however, is misplaced. In *Miller*, a witness directly opined that the complainant had been sexually abused and that she was "particularly adroit" in discovering "what the truth is." *Id.* at 883. In contrast, James testified that J.S. competently answered age–appropriate questions, but not whether those answers were truthful.

Sosa–Medrano also challenges James's testimony on the general interview techniques she employs, such as asking non–leading questions, asking children to explain the difference between the truth and a lie, and recording the interview for subsequent peer review. But this testimony also does not directly comment on J.S.'s credibility. *See Reynolds*, 227 S.W.3d at 366 (holding that testimony "explaining how [witness] interviews children and the steps taken to ask nonleading questions" does not constitute opinion on complainant's credibility). We hold that the absence of an objection by Sosa–Medrano's trial counsel to James's admissible testimony does not show that trial counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

## Conclusion

Sosa–Medrano has not borne his burden to rebut the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).