IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00186-CV

 

In re
GMAC Commercial Finance, L.L.C.

 

 

 



Original Proceeding

 



DISSENTING Opinion










 

          This is a classic situation in which
an appellate court is not equipped to decide the issue presented.  In this post-decision
motion, we are asked to determine whether a document, alleged at one time to
have been protected by a privilege, has lost that privilege.  The parties have
engaged in no discovery about the circumstances under which the document was
attached to a brief/appendix filed in this Court.

          If we have jurisdiction to decide this
motion, the Court should abate this matter to the trial court for the
development of a record upon which the issue could be properly decided.  It is
not that I disagree with the Court’s conclusion, I simply do not have the
information available to me which is necessary to decide the issue.

          There is a substantial question of
whether the inclusion of the document in the appendix constitutes a waiver of
the privilege.  Because this document was not produced in discovery, the
discovery rules regarding inadvertent production are not applicable.  Prior to
the adoption of the discovery rules related to inadvertent production, a fair
amount of case law had developed on what must be shown to support a retrieval
of a document the parties did not intend to disclose to opposing counsel.[1] 
It is that body of case law against which we should review these facts to
determine if the privilege genie can be reinserted in the magic lamp.  It
appears it can be, but I just do not have the information, facts, and briefing
necessary to make that determination.

          The only case cited by the majority
relies upon our authority to enter temporary orders.  See Monsanto v.
Davis, 110 S.W.3d 23, 29 (Tex. App.—Waco 2002, order).  This authority does
not support our sealing of the document and for it to remain sealed until it is
destroyed.  Nor do we, on the record before us, have any authority to order the
return or destruction of copies provided to opposing counsel.




          In conclusion, the trial court should
develop the factual record and make the initial determination regarding whether
the privilege once held, if any, has been lost.  I do not join this order.  I
cannot concur in what the Court has done, so I have no alternative but to
dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed July 27, 2005









[1] “Inadvertent production is distinguishable from involuntary
production.  A party who permits access to unscreened documents may, due to inattention,
unwittingly--but nonetheless voluntarily--disclose a privileged document.
Disclosure is involuntary only if efforts reasonably calculated to prevent the
disclosure were unavailing.  Thus, although disclosure does not necessarily
waive privileges, a party claiming involuntary disclosure has the burden of
showing, with specificity, that the circumstances confirm the involuntariness
of the disclosure.  In addition to precautionary measures, other factors to be
examined in determining involuntariness include the delay in rectifying the
error, the extent of any inadvertent disclosure, and the scope of discovery. 
This standard is consistent with the approach adopted by numerous federal
courts which now determine waiver by evaluating the circumstances of the
disclosure.  See Niagara Mohawk Power Corp. v. Stone & Webster
Engineering Corp., 125 F.R.D. 578, 587-88 (N.D.N.Y. 1989); Hartford Fire
Ins. Co. v. Garvey, 109 F.R.D. 323, 329 (N.D. Cal. 1985); see also KL
Group v. Case, Kay & Lynch, 829 F.2d. 909, 919 (9th Cir. 1987); Clady
v. County of Los Angeles, 770 F.2d. 1421, 1433 (9th Cir. 1985), cert.
denied, 475 U.S. 1109, 106 S.Ct. 1516, 89 L. Ed. 2d 915 (1986).  Many state
courts also take this approach.  See generally McGlynn v. Grinberg, 172
A.D.2d 960, 568 N.Y.S.2d 481 (Sup. Ct. App. Div. 1991); Farm Credit Bank of St. Paul v. Huether, 454 N.W.2d 710 (N.D. 1990); Kanter v. Superior Court, 206 Cal. App. 3d 803, 253 Cal. Rptr. 810 (Cal. App. 2d Dist. 1988); Sterling v.
Keidan, 162 Mich. App. 88, 412 N.W.2d 255 (Mich. App. 1987).”

 

Granada
Corp. v. First Court of Appeals, 844 S.W.2d 223, 226 (Tex. 1992).

 








rior to the
presentment of the indictment and within the statutory limitation period.”  Sledge
v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Shea, 2005
Tex. App. LEXIS 3091, at *11; accord Rodriguez, 104 S.W.3d at 91.

          The complainant’s testimony about how
Bronaugh made her sit on his penis fits within the allegations of count two of
the indictment.  Therefore, this does not constitute testimony regarding an
extraneous offense, and the court did not abuse its discretion by overruling
Bronaugh’s objections to this testimony.  See Rodriguez, 104 S.W.3d at
91; Sledge, 953 S.W.2d at 256; Shea, 2005 Tex. App. LEXIS 3091,
at *11-12; Brown, 6 S.W.3d at 575-76.  

          Article 38.37, section 2 provides:

          Notwithstanding Rules 404 and 405,
Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on relevant matters, including:

 

          (1) the state of mind of the defendant
and the child;  and

 

          (2) the previous and subsequent
relationship between the defendant and the child.

 

Tex.
Code Crim. Proc. Ann. art. 38.37, §
2 (Vernon 2005).

          The complainant’s testimony regarding
Bronaugh masturbating in her presence is relevant and admissible under article
38.87, section 2.  See id.; Saenz v. State, 103 S.W.3d 541,
544-45 (Tex. App.—San Antonio 2003, pet. ref’d); Gutierrez v. State, 8
S.W.3d 739, 749-50 (Tex. App.—Austin 1999, no pet.); Walker v. State, 4
S.W.3d 98, 102-03 (Tex. App.—Waco 1999, pet. ref’d).

          Even if admissible under article 38.37
however, the evidence may still be excluded under Rule 403 if its probative
value is substantially outweighed by the danger of unfair prejudice.  See
Tex. R. Evid. 403; Wheeler v.
State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

          We must give appropriate deference to
the trial court’s determination that the probative value of the evidence in
question is not substantially outweighed by the danger of unfair prejudice.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  We must uphold the
court’s ruling if it lies “within the zone of reasonable disagreement.”  Wheeler,
67 S.W.3d at 888 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991)).

          The appellate court should not conduct
a de novo review of the record with a view to making a wholly independent
judgment whether the probative value of evidence of “other crimes, wrongs, or
acts” is substantially outweighed by the danger of unfair prejudice.  It should
reverse the judgment of the trial court “rarely and only after a clear abuse of
discretion.”

 

Moses,
105 S.W.3d at 627 (quoting Montgomery, 810 S.W.2d at 392).

          Factors to be considered in balancing the
probative value of evidence against the danger of unfair prejudice include:

(1)  
how compellingly the
extraneous offense evidence serves to make a fact of consequence more or less
probable—a factor which is related to the strength of the evidence presented by
the proponent to show the defendant in fact committed the extraneous offense;

 

(2)  
the potential the other
offense evidence has to impress the jury “in some irrational but nevertheless
indelible way”;

 

(3)  
the time the proponent will
need to develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; and

 

(4)  
the force of the proponent’s
need for this evidence to prove a fact of consequence, i.e., does the
proponent have other probative evidence available to him to help establish this
fact, and is this fact related to an issue in dispute.

 

Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003)
(quoting Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)); accord
Wheeler, 67 S.W.3d at 888.

          The challenged testimony was relevant
to the issue of whether Bronaugh sexually assaulted his daughter.  Aside from
the complainant’s testimony, the State had little evidence to prove that
Bronaugh sexually assaulted his daughter.  Although there was medical evidence
that she had been assaulted, the record also contains evidence that she had
been sexually assaulted by two others.  Thus, the testimony served compellingly
to make it more probable than not that Bronaugh sexually assaulted his
daughter. 

See Wheeler, 67 S.W.3d at 888.

          The testimony did have the potential
to impress the jury in an irrational way, but it required little of the jury’s
time to present.  Id. at 889.

          Finally, on the issue of whether the
State had a “need” to present the challenged testimony, Bronaugh contends that
it would be premature to conclude that the State “needed” to present this
testimony during its case-in-chief because he did not deny that he had
committed the offense until he took the stand later and testified.  However,
this is not the only way to gauge the State’s “need” for the challenged
testimony.

          Rather, the issue of whether the State
needs a challenged piece of evidence “to prove a fact of consequence” focuses
on whether the State has “other probative evidence available . . . to help
establish this fact” and whether “this fact [is] related to an issue in
dispute.”  Manning, 114 S.W.3d at 926.  As noted, the State’s case
essentially boiled down to a swearing match between Bronaugh and the
complainant.  The State’s medical evidence could be discounted by the
complainant’s sexual history.  Therefore, the trial court was within its
discretion to conclude that the State “had a great need” for the challenged
testimony.  See Wheeler, 67 S.W.3d at 889.

          The trial court arguably could have
ruled either way on the admissibility of this testimony under Rule 403.  We
cannot say that the court’s ruling was outside “the zone of reasonable
disagreement.”  See Wheeler, 67 S.W.3d at 888-89.  Accordingly, we
overrule Bronaugh’s first issue.

The Complainant’s Truthful Character

          Bronaugh contends in his second issue
that the court abused its discretion by permitting two of the State’s witnesses
to testify regarding the complainant’s truthful character.

          The State called Karen Vogle, the
complainant’s second grade teacher, to testify about the complainant’s
statements to her about the alleged abuse.  The prosecutor asked Vogle whether
she had an opinion regarding the complainant’s character for truth and
veracity.  Vogle replied that she believed the complainant.

          The State called Michelle Davis, a
counselor who treated the complainant, to testify that the complainant’s
conduct was consistent with that of a child who had been sexually abused.  The
prosecutor asked Davis whether she had observed any conduct of the complainant
which would cause her to question whether the complainant was being truthful.  Davis testified that she had not observed any such conduct.

          When a complainant is impeached with
prior inconsistent statements, the State may rehabilitate the complainant with
evidence of the complainant’s character for truthfulness under Rule 608(a)(2).[2] 
Pavlacka v. State, 892 S.W.2d 897, 902 (Tex. Crim. App. 1994).

          “Expert witness testimony that a child
victim exhibits elements or characteristics that have been empirically shown to
be common among sexually abused children is relevant and admissible under Rule
702 because it is specialized knowledge that is helpful to the jury.”  Gonzales
v. State, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no pet.); accord Burns
v. State, 122 S.W.3d 434, 437 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d); Hitt v. State, 53 S.W.3d 697, 707 (Tex. App.—Austin 2001, pet.
ref’d).  However, “expert testimony that a particular witness is truthful is
inadmissible under Rule 702.”  Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); accord Burns, 122 S.W.3d at 437; Hitt, 53 S.W.3d at
707; Gonzales, 4 S.W.3d at 417.

          Bronaugh characterizes Vogle as
an expert witness.  We disagree with his characterization.  The record is clear
that the State called Vogle as a lay witness to testify about the statements
the complainant made to her regarding the alleged abuse.  Bronaugh had
previously impeached the complainant with prior inconsistent statements.  Thus,
the State properly sought to rehabilitate the complainant with Vogle’s
testimony regarding her character for truthfulness under Rule 608(a)(2).  See
Tex. R. Evid. 608(a)(2);
Pavlacka, 892 S.W.2d at 902.

          Davis properly testified that the
complainant exhibited characteristics similar to those of children who have
been sexually abused.  See Burns, 122 S.W.3d at 437; Hitt, 53
S.W.3d at 707; Gonzales, 4 S.W.3d at 417.  Davis’s testimony that she
did not observe any behavior which would cause her to question whether the
complainant was being truthful is not a direct comment on the complainant’s
truthfulness.  See Schutz v. State, 957 S.W.2d 52, 73 (Tex. Crim. App.
1997); Burns, 122 S.W.3d at 437.

          Accordingly, the court did not abuse
its discretion by overruling Bronaugh’s objections to Vogle’s and Davis’s
testimony.  Thus, we overrule Bronaugh’s second issue.

The Complainant’s Attitude About Prior Sexual
Experiences

          Bronaugh contends in his third issue
that the court abused its discretion by sustaining the State’s objection to the
testimony of two daycare workers regarding the carefree nature with which the
complainant talked to them about an incident when she was caught acting out
sexually with her brother and about being sexually assaulted by her uncle.[3]

          However, the State later withdrew its
objection, and the court informed Bronaugh that he could call the daycare
workers to give this testimony.  Thereafter, Bronaugh called one of the daycare
workers who gave this testimony without objection.

          Because the trial court ultimately
allowed the testimony which Bronaugh contends was excluded, we overrule his
third issue.  Cf. Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004)
(to challenge exclusion of evidence on appeal, defendant must obtain adverse
ruling).

The Mother’s Alleged Physical Abuse

          Bronaugh contends in his fourth issue
that the court abused its discretion by excluding testimony from Vogle that the
complainant told her that her mother was physically abusing her.

          Bronaugh did not make an offer of
proof concerning the substance of the testimony he wanted to elicit from
Vogle.  Thus, he has not preserved this issue for our review.  See Tex. R. Evid. 103(a)(2); Guidry v.
State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); Simmons v. State,
100 S.W.3d 484, 495 (Tex. App.—Texarkana 2003, pet. ref’d).  Accordingly, we
overrule his fourth issue.

We affirm the judgment.

 

FELIPE
REYNA

Justice




Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 8, 2005

Do not publish

[CRPM]

 









[1]
          This was according to the
“State’s Second Notice of Intent to Offer Evidence [of Extraneous Conduct].” 
The State’s original notice listed 19 incidences of extraneous conduct.

 





[2]
          Rule of Evidence 608(a)
provides:

 

            (a) Opinion and
Reputation Evidence of Character.   The credibility of a witness may be
attacked or supported by evidence in the form of opinion or reputation, but
subject to these limitations:

 

            (1) the evidence may
refer only to character for truthfulness or untruthfulness;  and

 

            (2) evidence of
truthful character is admissible only after the character of the witness for
truthfulness has been attacked by opinion or reputation evidence or otherwise.





[3]
          Bronaugh sought to introduce
this testimony to discredit Davis’s testimony that the complainant was very hesitant
to discuss the allegations against her father.