ACCEPTED
06-14-00148-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 8:04:53 PM
DEBBIE AUTREY
CLERK

No. 06-14-00148-CR
Trial Court No. 10F484-005

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/18/2015 8:43:00 AM
DEBBIE AUTREY
Clerk

**Kevin Fahrni,**                                                                 *Appellant*

**v.**

**The State of Texas,**                                                              *State*

Appealed from the 5th Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:   **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

# In The Court of Appeals
## For the Sixth Supreme Judicial District
## At Texarkana, Texas

| | | |
|---|---|---|
| Kevin Fahrni, | § | |
| *Appellant* | § | |
| | § | No. 06-14-00148-CR |
| v. | § | |
| | § | |
| The State of Texas, | § | BRIEF FOR THE STATE |
| *State* | § | |
| | § | |

## Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Kevin Fahrni**

2. Attorneys for Appellant on appeal:

   **Alwin A. Smith**
   Attorney at Law
   Texas Bar No. 18532200
   602 Pine Street
   Texarkana, Texas 75501

3. Attorneys for Appellant at trial:

   **Shorty C. Barrett**
   Texas Bar No. 24057754
   **Joseph T. Tyler**
   Texas Bar No. 24053528

i

**Wesley "Grant" Dubois**
Texas Bar No. 24090083
Barrett & Tyler, LLP
611 Pecan Street
Texarkana, Arkansas 71854

4.  Attorney for the State of Texas at trial:

**Samantha Oglesby**
**Kelley Crisp**
Assistant District Attorneys
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

5.  Attorney for the State of Texas on appeal:

**Lauren N. Richards**
Assistant District Attorney
Texas Bar No. 24079421
601 Main Street
Texarkana, Texas 75501

6.  Presiding Judge at trial:

**The Honorable Ralph Burgess**
District Court Judge
5th Judicial District
Bowie County, Texas
Bi-State Justice Building
100 North State Line Avenue
Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ................................................................ i-ii

Table of Contents ....................................................................................... iii

Index of Authorities ................................................................................ iv-vi

Statement of the Case ................................................................................. 1

Reply to Points of Error ............................................................................. 2

Summary of the Argument ....................................................................... 3-5

Argument ............................................................................................... 7-30

      Reply to Point of Error Number One ............................................. 7-9
      *The trial court did not err in allowing testimony of extraneous*
      *offenses under Texas Code of Criminal Procedure article*
      *38.37.*

      Reply to Point of Error Number Two ........................................... 9-12
      *The date of offense in the indictment was properly amended and*
      *therefore it was not error to charge the jury that the offense had*
      *been committed on or about July 1, 2008.*

      Reply to Point of Error Number Three ....................................... 12-20
      *The trial court did not err by allowing the introduction of*
      *statements made for the purpose of medical diagnosis or*
      *treatment. Furthermore, any error, if it was error, was*
      *harmless.*

<u>Reply to Point of Error Number Four</u> ............................................ 20-26
*The trial court did not err by sustaining the State's objection to Appellant's cross examination of the State's witness. In addition, any error, if it was error, was harmless.*

<u>Reply to Point of Error Number Five</u> ............................................ 27-29
*The trial court did not err in overruling Appellant's objections to the State's closing argument. In addition, any error, if it was error, was harmless.*

Prayer for Relief .......................................................................................... 30

Certificate of Compliance ............................................................................. 31

Certificate of Service .................................................................................... 32

# Index of Authorities

<u>**Cases**</u>

*Beheler v. State*, 3 S.W.3d 182 (Tex. App.—Fort Worth 1999, pet. ref'd)........13,14

*Burns v. State*, 122 S.W.3d 434 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)...............................................................................................................14

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)................................13

*Franklin v. State*, ___ S.W.3d ___, 2015 WL 1043804 (Tex. App.—Texarkana, 2015) ................................................................................................................15

*Gentry v. State*, 2008 WL 5245722 (Tex. App.—Texarkana, 2008, pet. ref'd)......23

*Goodwin v. State*, 91 S.W.3d 912 (Tex. App—Fort Worth 2002, no pet.) .............13

*Howland v. State*, 990 S.W.2d 274 (Tex. Crim. App. 1999)....................................9

*Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000)......................................26

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1998) ...................................18

*Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998)........................................19

*Lemon v. State*, 298 S.W.3d 705 (Tex. App.—San Antonio, 2009, pet. ref'd).......26

*Lincicome v. State*, 3 S.W.3d 644 (Tex. App.—Amarillo 1999, no pet.)................12

*Love v. State*, 861 S.W.2d 899 (Tex. Crim. App.1993)...........................................20

*Martinez v. State*, 327 S.W.3d 727 (Tex. Crim. App. 2010) ...............................7,12

*Matz v. State*, 21 S.W.3d 911 (Tex. App.—Fort Worth 2000)................................18

*Mayes v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991) ........................................19

*Mays v. State*, 285 S.W.3d 884 (Tex. Crim. App. 2009)..........................................21

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App.1990) (op. on reh'g) ..12,22

*Morales v. State*, 32 S.W.3d 862 (Tex. Crim. App. 2000) ......................................18

*Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998) ......................................27

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002)........................................18

*Munoz v. State*, 288 S.W.3d 55 (Tex. App.—Houston[1st Dist.] 2009, no pet.) .....14

*Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd) .............12

*Puderbaugh v. State*, 31 S.W.3d 683 (Tex. App.—Beaumont 2000, pet. ref'd).....13

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) ......................................12

*Robinson v. State*, 35 S.W.3d 257 (Tex. App.—Texarkana 2000, pet. ref'd).........12

*Salazar v. State*, 38 S.W.3d 141 (Tex. Crim. App. 2001) ......................................22

*Shugart v. State*, 32 S.W.3d 355 (Tex. App.—Waco 2000, pet. ref'd)...................18

*Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008)......................................15

*Taylor v. State*, 93 S.W.3d 487 (Tex. App—Texarkana 2002, pet. ref'd.) .............14

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000)............................12,13

*Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000)...................................18

*Wheeler v. State*, 67 S.W.3d 879 (Tex. Crim. App. 2002) ................................13,22

*Wilder v. State*, 111 S.W.3d 249 (Tex. App.—Texarkana 2003, pet. ref'd) ...........12

*Williams v. State*, 301 S.W.3d 675 (Tex. Crim. App. 2009) .....................................7

## Rules of Appellate Procedure

Tex. R. App. Proc. 44.2(b)..................................................................................17

## Rules of Evidence

Tex. R. Evid. 801(d)......................................................................................13

Tex. R. Evid. 802 ..........................................................................................13

Tex. R. Evid. 803(4).......................................................................................13

## Texas Code of Criminal Procedure

Tex. Code Crim. Proc. art. 28.10 ..........................................................................10

Tex. Code Crim. Proc. art. 38.37, § 2(b) ...............................................................7

## Legislative Acts

Acts 2011, 82nd Leg., ch. 1 (S.B. 24), §§ 7.01-7.02, eff. Sept. 1, 2011 ...................8

Acts 2013, 83rd Leg., ch. 387 (S.B. 12), § 2, eff. Sept. 1, 2013...............................8

# Statement of the Case

Appellant, Kevin Fahrni, was convicted by a jury of aggravated sexual assault of a child in the 5th Judicial District Court of Bowie County, Texas, the Honorable Ralph Burgess presiding. The jury assessed punishment at fifty (50) years in the Institutional Division of the Department of Criminal Justice, and the Judge sentenced the Appellant accordingly. Appellant then perfected appeal to this Honorable Court. He now appeals the verdict of the trial court on five points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

*The trial court did not err in allowing testimony of extraneous offenses under Texas Code of Criminal Procedure article 38.37.*

REPLY TO POINT OF ERROR NUMBER TWO:

*The date of offense in the indictment was properly amended and therefore it was not error to charge the jury that the offense had been committed on or about July 1, 2008.*

REPLY TO POINT OF ERROR NUMBER THREE:

*The trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.*

REPLY TO POINT OF ERROR NUMBER FOUR:

*The trial court did not err by sustaining the State's objection to Appellant's cross examination of the State's witness. In addition, any error, if it was error, was harmless.*

REPLY TO POINT OF ERROR NUMBER FIVE:

*The trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.*

# Summary of the Argument

REPLY TO POINT OF ERROR NUMBER ONE:

*The trial court did not err in allowing testimony of extraneous offenses under Texas Code of Criminal Procedure article 38.37.*

The 2012 Amendment, and not the 2011 Amendmnet, to Article 38.37 was applicable to the Appellant's trial and allows for the introduction of the extraneous offense evidence complained of by Appellant. Therefore, it was not an abuse of discretion for the trial court to allow the introduction of the extraneous offense evidence.

REPLY TO POINT OF ERROR NUMBER TWO:

*The date of offense in the indictment was properly amended and therefore it was not error to charge the jury that the offense had been committed on or about July 1, 2008.*

The date of offense in the indictment was amended before the date of trial, the defendant made no objections, and the defendant waived arraignment on the changes. Because the date was properly amended, it was not error for the trial court to charge the jury using the date of July 1, 2008. Additionally, the evidence presented at trial was sufficient to support the offense date of July 1, 2008.

REPLY TO POINT OF ERROR NUMBER THREE:

*The trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.*

A review of the entire record indicates the evidence is sufficient to support a finding that the child victim understood the need to be truthful during Lach's medical examination. Therefore, the trial court did not abuse its discretion in finding that the statements in the report were admissible under Rule 803(4). In addition, any error in the introduction of the evidence was harmless. The similar evidence was introduced into evidence at other points during the trial, without objection.

REPLY TO POINT OF ERROR NUMBER FOUR:

*The trial court did not err by sustaining the State's objection to Appellant's cross examination of the State's witness. In addition, any error, if it was error, was harmless.*

The Appellant failed to make a proper offer of proof to preserve this point of error for appellate review. Additionally, trial court clearly made its decision to sustain the objection based on guiding rules and principles and did not act in an arbitrary or capricious manner. Any error in the exclusion of the evidence was harmless because the Appellant's substantial rights were not affected.

*The trial court did not err in overruling Appellant's objections to the State's closing argument.*

The statement made by the State was proper closing argument. It was both a summation of the evidence presented and a reasonable deduction drawn from that evidence. The statement, as stated by the trial court, could not be interpreted as changing the burden of proof. Any error in allowing the State's comment was harmless error.

## Argument

## Reply to Point of Error One

*The trial court did not err in allowing testimony of extraneous offenses under Texas Code of Criminal Procedure article 38.37.*

## Argument and Authorities

### A. Standard of Review

A trial court's ruling on the admissibility of extraneous offenses is reviewed under and abuse of discretion standard.[1] The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement.[2]

### B. Application of Law to Facts

Appellant argues the trial court committed error in allowing testimony of extraneous offenses under Article 38.27 § 2(b) because the evidence was not allowed under the Statute at the time the Appellant was accused of committing the indicted offense. However, the testimony is admissible under Article 38.37, as character conformity and propensity evidence.[3]

Texas Code of Criminal Procedure article 38.37, section 2(b) provides that, notwithstanding Rule 404 and 405, "evidence that the defendant has committed a

---

[1] *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).
[2] *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).
[3] Tex. Code Crim. Proc. Art. 38.37, § 2(b).

separate offense may be admitted in the trial … for any bearing [it] has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[4]

On appeal, Fahrni has raises the issue that the evidence should have been excluded because the 2011 Amendment to Article 38.37 specifically states, "[t]he change in law made by this Act applies only to an offense committed on or after the effective date of this offense ... [t]his Act takes effect September 1, 2011."[5]

However, the extraneous offense evidence admitted at trial was not the subject of the 2011 Amendment. Article 38.37, at the time of the 2011 Amendment, addressed only similar offenses against the same complainant were admissible to show the defendant's propensity to commit the act or to show conformity to character. The 2011 Amendment did not expand the use of extraneous offense evidence to include the specific type of extraneous offense evidence used at Appellant's trial. It was not until the 2012 Amendment that Article 38.37 was expanded with Section 2(b), which provides for the introduction of "evidence that the defendant has committed a separate offense…for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant."[6]

---

[4] Tex. Code Crim. Proc. art. 38.37, §2 (b).
[5] Acts 2011, 82nd Leg., ch. 1 (S.B. 24), §§ 7.01-7.02, eff. Sept. 1, 2011
[6] Acts 2013, 83rd Leg., ch. 387 (S.B. 12), § 2, eff. Sept. 1, 2013.

The extraneous offense evidence introduced at trial wasn't a similar offense against the same complainant. Instead, it was evidence that the Appellant complains of was that he had committed extraneous offenses against other victims, which falls squarely under Section 2(b) of article 38.37, created by the 2012 Amendment.

As conceded by the Appellant in his brief, based on the holding of the Texas Court of Criminal Appeals in *Howland v. State*[7], the 2012 Amendment to the statute was applicable to the Appellant's trial and allows the introduction of the extraneous offense evidence complained of by Appellant. Therefore, it was not an abuse of discretion for the trial court to allow the introduction of the extraneous offense evidence.

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Two

*The date of offense in the indictment was properly amended and therefore it was not error to charge the jury that the offense had been committed on or about July 1, 2008.*

## Argument and Authorities

In point of error number two, the Appellant argues the indictment was not properly amended. He contends that because there was no motion to amend the

---

[7] 990 S.W.2d 274 (Tex. Crim. App. 1999).

9

indictment on file, nor an indictment filed with the correct language, there was no amendment actually made and that the original indictment which reflects an offense date of November 1, 2008 is the indictment used at trial. However, a supplemental clerk's record reveals that the offense date on the indictment was properly amended to July 1, 2008. Therefore, the indictment under which the Appellant was tried reflected the correct offense date and it was not error to charge the jury using that date, which was July 1, 2008.

## A. Application of Law to Facts

The Texas Code of Criminal Procedure article 28.10 provides for an amendment to the form or substance of an indictment at any time before the date of trial. The court shall allow the defendant, if he so requests, not less than 10 days to respond to the amended indictment.

At the April 23, 2012 pretrial hearing, the following exchange occurred between the prosecutor, defense attorney, and the court:

STATE:    Judge, the state asked for this setting because at this time we move to amend the indictment to reflect the date of July 1, 2008 as opposed to November 1, 2008.

DEFENSE: Your Honor, we have no objection to that amendment and again, if it's necessary we would re-waive the reading of the formal indictment in this case.

COURT:     Okay. So it's July 1, 2008?

STATE:     Yes, sir.

COURT:     All right, I will grant the state's motion and note that on the face of the indictment.

…

(R.R. Supplemental Vol. p. 4).

On April 22, 2015, the First Supplemental Clerks Record was filed, which includes on page 15 a docket entry from April 23, 2012 indicating: "State moved to Amend Indictment, No objection to amendment and Def. waived arraignment." Additionally, the Supplemental Record contains on page 20, a copy of the original indictment, with the Judge Ralph Burgess' notation of the amendment to the date. The change was initialed and dated by the judge.

Because the date was amended before the date of trial, the defendant made no objections, and the defendant waived arraignment on the changes, the date in the indictment was properly amended. Because the date was properly amended, it was not error for the trial court to charge the jury using the date of July 1, 2008. Additionally, the evidence presented at trial was sufficient to support the offense date of July 1, 2008.

For these reasons, Appellant's second point of error should be overruled.

11

## Reply to Point of Error Three

*The trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.*

## Argument and Authorities

### A. Standard of Review

The trial court has wide discretion in deciding whether to admit or exclude evidence.[8] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[9] This inquiry depends on the facts of each case.[10]

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford great deference to the trial court's balancing determination and should reverse a trial court "rarely and only after a clear abuse of discretion."[11] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[12] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the

---

[8] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd).

[9] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

[10] *Martinez*, 327 S.W.3d at 736.

[11] *Robbins v. State*, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002).

[12] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

"zone of reasonable disagreement."[13] A trial court's evidentiary ruling must be upheld if it was correct under any theory of law applicable to the case.[14]

## C. Application of Law to Facts

Hearsay—a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted—is generally inadmissible at trial.[15] However, "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible as an exception to the hearsay rule.[16] This exception has been interpreted to include statements by victims of child abuse as to the source of their injuries.[17]

Rule 803(4) is premised on the declarants desire to receive an appropriate medical diagnosis or treatment, and the assumption that the declarant appreciates that the effectiveness of the diagnosis or treatment may depend on the accuracy of

---

[13] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

[14] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

[15] Tex. R. Evid. 801(d), 802.

[16] Tex. R. Evid. 803(4).

[17] *see Puderbaugh v. State*, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet. ref'd); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd).

the information provided.[18] The proponent of the evidence must show that: 1) the out-of-court declarant was aware that the statements were made for the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depends on the veracity of such statements; and 2) the particular statement proffered is pertinent to diagnosis or treatment.[19] The witness need not expressly state that the hearsay declarant recognized the need to be truthful in her statements for the medical treatment exception to apply.[20] Instead, the reviewing court must determine whether the record supports a conclusion that the declarant understood the importance of honesty in the context of medical diagnosis or treatment.[21]

In the present case, the State offered the reports of Kathy Lach, a sexual assault nurse examiner (SANE). (R.R. Vol. 4, p. 162). The reports contained the findings of the SANE examinations performed on the child victim and a statement concerning the act of sexual abuse. The Appellant objected that the document contained hearsay and further objected that the child did not make the statement for the purposes of medical treatment. (R.R. Vol. 4, p. 162-63). The trial court overruled the objection and admitted the report into evidence as State's Exhibit 1 (R.R. Vol. 4, p. 163).

---

[18] *Burns v. State*, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).
[19] *Taylor v. State*, 268 S.W.3d 571, 589-91 (Tex. Crim. App. 2008).
[20] *Munoz v. State*, 288 S.W.3d 55, 58 (Tex. App.—Houston[1st Dist.] 2009, no pet.)(*citing Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd).
[21] *Beheler*, 3 S.W.3d at 188-89.

On appeal, the Appellant claims the statement does not meet the medical diagnosis or treatment exception to the hearsay rule. Relying on *Taylor v. State*[22], Appellant claims the testimony of Kathy Lach did not show the statement was made for purposes of medical diagnosis or treatment nor that proper diagnosis or treatment depend on the veracity of the statement, and therefore the statement does not fall within the exception to the hearsay rule. The Appellant argues there is nothing in the record from which this Court can infer the statement given by the child was for medical diagnosis, or that the child understood the importance of giving the witness truthful information.

To determine whether a child understands the importance of truthfulness when speaking to medical personnel, the reviewing court looks to the entire record.[23] "Unlike statements made to non-medical professionals, which require affirmative evidence in the record on the issue of veracity, courts can infer from the record that the victim knew it was important to tell a SANE the truth in order to obtain medical treatment or diagnosis."[24]

Although the record indicates no specific inquiry was made in this case to determine whether the child appreciated the need to be truthful in their statements to Lach, the record is sufficient to support this conclusion. Lach did testify that the

---

[22] 268 S.W.3d at 578-89.
[23] *Franklin v. State*, ___ S.W.3d ___, 2015 WL 1043804, *5, (Tex. App.—Texarkana, 2015) (*citing Green v. State*, 191 S.W.3d 888, 896 (Tex. App.—Houston [14th Dist] 2006, pet. ref'd).
[24] *Franklin*, 2015 WL 1043804 at *5.

15

purpose of taking the verbal history, of which the Appellant complains is hearsay, was for medical treatment and diagnosis. (R.R. Vol. 4, p. 158). The SANE examination consisted of a head-to-toe assessment, a medical history interview, and a detailed genital exam. (R.R. Vol. 4, p. 159). Prior to taking the patient history, Lach explained to the victim who she is, the purpose of the exam, and then Lach writes down verbatim what the child told her. (R.R. Vol. 4, p. 160). The State futher questioned,

STATE:     And why is it so important, ma'am that you write down word for word what the child tells you?

WITNESS:  Because if it were to be going to court, I don't know if it would or how long it would be from then, and there may be no way I would remember, so that way I can remember exactly what the child told me and it wouldn't be, you know, any speculation on my part.

STATE:     And when you ask these questions of the child to get the verbal history, is that to evaluate the medical needs of the child at that time?

WITNESS:  Correct.

STATE:     Now, when you're, when you take a verbal history from a child, do these children have an interest in receiving proper medical treatment?

WITNESS:  Yes.

16

STATE:     All right. Now, when you go on to ask the, particularly the child in this case, when you asked about the sort of trauma, what kind of trauma did she indicate—pardon me, assault. What kind of assault did she indicate had occurred.

WITNESS:  Will, I wouldn't ask what kind of assault.

STATE:     Sure.

WITNESS: I'd just ask her why she was here, and then I write down exactly what she will tell me.

(R.R. Vol. 4, p. 160-61).

A review of the entire record indicates the evidence is sufficient to support a finding that the child victim understood the need to be truthful during Lach's medical examination. Therefore, the trial court did not abuse its discretion in finding that the statements in the report were admissible under Rule 803(4).

## C. Harm Analysis

Should this Court find that the trial court erred by allowing introduction of the SANE reports, such error does not constitute reversible error.

Under Rule 44.2(b) non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[25] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the

---

[25] Tex. R. App. Proc. 44.2(b)

jury's verdict."[26] To assess the likelihood that the jury's decision was adversely affected by the erroneous admission of evidence, the reviewing court considers the entire record, including the other evidence admitted, the nature of the evidence supporting the verdict, and the character of the error in light of the other evidence in the case.[27] In a harm analysis under Rule 44.2(a), "the presence of overwhelming evidence supporting the finding in question can be a factor in the evaluation of harmless error."[28] The reviewing court will also consider the arguments of counsel and the extent to which the State emphasized the improper evidence.[29]

In the instant case, a review of the record as a whole reflects ample evidence of Appellant's guilt. Lieutenant Charles Green testified that he took the report when the victim's grandmother went to the Wake Village Police Station to report the assault. (R.R. Vol. 4, p. 91-92). The grandmother told Green that the Appellant had touched her granddaughter. (R.R. Vol. 4, p. 91). Kandice Kimmel testified as an expert that she was the forensic interviewer who interviewed the victim at the Texarkana Children's Advocacy Center, after the assault was reported. (R.R. Vol. 4, p. 133). During the interview, Kimmel did not observe signs that the victim had

---

[26] *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Shugart v. State*, 32 S.W.3d 355, 363 (Tex. App.—Waco 2000, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912(Tex. App.—Fort Worth 2000).
[27] *See Motilla v. State*, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002).
[28] *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).
[29] *See Motilla v. State*, 78 S.W.3d at 357.

been coached. (R.R. Vol. 4, p. 136). Kimmel testified the victim and her brother both used appropriate sensory details during the interview. (R.R. Vol. 4, p. 137). The victim gave testimony about the time the Appellant touched her between the legs, and other instances of inappropriate behavior. (R.R. Vol. 4, p. 200).

In addition to the evidence of Appellant's guilt, similar testimony was admitted at trial. Error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection either before or after the complained of ruling.[30]

Here, the victim testified that she and Fahrni were watching TV at night and she was laying on the floor. The victim felt Fahrni touch her between the legs and when she looked up at him, he said that he thought she was asleep. (R.R. Vol. 4, p. 200). In addition, Adelia Reyes, the victim's grandmother, testified that the victim told her that Fahrni put his fingers inside of her while she was watching TV in the living room and that Fahrni told the victim he thought she was sleeping. (R. R. Vol. 4, p. 68-69). Because the evidence admitted without objection was substantially the same as the statements included in the SANE reports, any impact on the jury was slight.

In the instant case, a review of the record as a whole assures this Court that the erroneous admission of extraneous offense evidence, if it was error, did not

_____

[30] *Leday v. State*, 983 S.W.2d 713, 718(Tex. Crim. App. 1998); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991).

influence the jury in its determination of Appellant's guilt, or had but a slight effect.

For these reasons, Appellant's third point of error should be overruled.

## Reply to Point of Error Four

*The trial court did not err by sustaining the State's objection to Appellant's cross examination of the State's witness. In addition, any error, if it was error, was harmless.*

### Argument and Authorities

#### A. Preservation of Error

Appellant challenges the trial court's ruling on its attempted improper cross-examination of the State's expert, arguing that defense counsel sought to elicit relevant and admissible testimony not prohibited by an established evidentiary rule. Although Appellant mentions in his argument summary it was a violation of his right to confront witnesses, and briefs this issue with a focus on his constitutional right to cross-examination, it should be interpreted his complaint as alleged error in the exclusion of evidence.[31]

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Texas Rule of

---

[31] *See Love v. State,* 861 S.W.2d 899, 903 (Tex.Crim.App.1993)(interpreting complaint that trial court refused to allow defense counsel to recall witness for further cross-examination as being predicated on exclusion of evidence).

20

Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence.[32] The offer of proof may consist of a concise statement by counsel, or it may be in question and answer form.[33] If in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible."[34] A summary in most general and cursory terms, without any of the substance of the actual evidence will not suffice to preserve error.[35]

Appellant stated to the trial court that he wished to read to Kimmel a statement from the transcript of the forensic interview, which was made by the victim. (R.R. Vol. 4, p. 145-46). It was the Appellant's position that the statement was a sign of coaching. After the trial court sustained the State's Rule 403 objection to that evidence, the defense failed to request to make an offer of proof as to the testimony it wanted admitted.

On appeal, the Appellant complains he was unable to properly cross-examine the expert witness Kimmel as to the underlying data upon which she based her opinion. It is not apparent from the context of the question asked, what the substance of the testimony was that the Appellant sought to introduce.

---

[32] *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).
[33] *Id*.
[34] *Id*. at 889-90(quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)(per curiam)).
[35] *Id*. at 891.

Appellant gave only a general statement as to what his opinion was of how the statement should be interpreted, based on his trial strategy that the victim had been coached and put up to making up the allegations. Without a proper offer of proof as to the substance of the testimony, it would be mere speculation as to the nature of the excluded testimony. For these reasons, the Appellant has not preserved this point of error for review.

## B. Standard of Review

Should this Court find error was properly preserved, evidentiary rulings are reviewed under an abuse of discretion standard.[36] The trial court abuses its discretion when it acts without reference to any guiding rules and principles, or acts in an arbitrary or capricious manner.[37] A trial court does not abuse its discretion if its ruling is at least within the zone of reasonable disagreement.[38]

## C. Application of Law to Facts

The Appellant cites to *Wheeler v. State* for the proposition that "[t]he opposing party is always entitled to cross-examine an expert witness concerning the facts and data upon which that expert relied informing her conclusion or opinion."[39] In *Wheeler*, the Court of Criminal Appeals found the trial court had the discretion to allow cross-examination of the expert witness because the Appellant had "opened

---

[36] *Salazar v. State,* 38 S.W.3d 141, 153–54 (Tex.Crim.App.2001).
[37] *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).
[38] *Salazar,* 38 S.W.3d at 153–54.
[39] 67 S.W.3d 879, 883 (Tex. Crim. App. 2002).

22

the door" to the evidence. The situation in the present case is not analogous the that presented in *Wheeler*.

In the present case, the question to be decided is whether the trial court had the discretion to refuse to allow the cross-examination because of the danger of unfair prejudice or confusion of issues. This Court addressed a similar situation in its unpublished opinion in *Gentry v. State*[40] and concluded the trial court did have such discretion. In Gentry, the complaint on appeal was that the trial court had violated the defendant's cross-examination and confrontation rights by refusing to allow him to cross-examine the State's expert on whether she was aware that the victim had made previous statements, which were possible fabrications. The trial court stated: "The fact that an expert may have and review the Ranger's report doesn't necessarily mean that everything in the report then becomes admissible into evidence and subject to cross examination of the expert." The trial court restricted the defense's cross examination of the State's expert and this Court recognized that the trial court did not abuse it's discretion in doing so.

In the present case, Appellant's counsel cross-examined the State's expert, Kandice Kimmel, about her interview with the victim. Counsel questioned her on whether she asked the victim if the victim knew why she was being interviewed by Kimmel. (R.R. Vol. 4, p. 141). The witness stated she did not recall the victim's

---

[40] 2008 WL 5245722, (Tex. App.—Texarkana, 2008, pet ref'd).

23

response to the question, and defense counsel attempted to use a transcript of the interview to 'refresh' her memory. (R.R. Vol. 4, p. 141.). The State objected that the question as to what the victim's response was called for hearsay and a bench conference was held. (R.R. Vol. 4, p. 141). Defense argued that the statement was not being offered for the truth of the matter asserted and therefore was not hearsay. (R.R. Vol. 4, p. 141). It became clear that the Defense was not seeking to merely refresh the memory of the witness about the interview, but wanted to introduce the actual statement the victim made to Kimmel.  (R.R. Vol. 4, p. 141-43). After a recess and further discussion, the trial court eventually overruled the hearsay objection of the State as to the cross-examination of Miss Kimmell. (R.R. Vol. 4, p. 149). The State then raised an objection under Rule 403 that the evidence was more prejudicial than probative. (R.R. Vol. 4, p. 149). That objection was sustained by the trial court:

> "As a general proposition, you can cross examine a witness with their own statement, not with somebody else's statement.  You have the statement. You can cross examine the victim when she testifies about the statement. This witness has already identified what the signs of coaching are. You can ask the victim about the statement and you can make the argument to the jury. But to do it through this witness is going to create a confusion of the issues and we're going to have – we're just going to have a trial within a trial about the issue. I will also note that no one is permitted to get up and give an opinion, yea or nay, that a witness in a case has lied or is telling the truth. That's the jury's decision. And so this witness has not given an opinion about coaching, she's said she's seen no signs about that. You want to introduce that there are signs of coaching so that the jury can make their own opinion about whether or not there was coaching or not coaching. What I'm saying is you can do that through the

24

victim. You can't do that through this witness. So that's my ruling. Under 403, the objection is sustained."
(R.R. Vol. 4, p. 151-52).

The trial court clearly made its decision to sustain the objection based on guiding rules and principles and did not act in an arbitrary or capricious manner.

**D. Harm Analysis**

Assuming, *arguendo*, this Court finds it was error to limit the Appellant's cross-examination, this Court can conclude, beyond a reasonable doubt, that any error was harmless and did not contribute to the conviction or affect the Appellant's substantial rights. The Appellant's attorney cross-examined the victim about the same statement she made to Kimmel. (R.R. Vol. 4, p. 225-26). Defense counsel read the statement out loud and asked the victim if she recalled making the statement. (R.R. Vol. 4, p. 226). Counsel was allowed to question the victim about that statement, therefore they were able to get their defensive theory in front of the jury that the victim had been coached to fabricate the allegations. Therefore, any error in excluding the cross-examination of Kimmel regarding the same statement was harmless and did not affect the Appellant's substantial rights.

For these reasons, Appellant's fourth point of error should be overruled.

## Reply to Point of Error Five

*The trial court did not err in overruling Appellant's objections to the State's closing argument.*

### Argument and Authorities

**A. Standard of Review**

A trial court's ruling on an objection to a jury argument is reviewed for abuse of discretion.[41]

**B. Application of Law to Facts**

Proper areas of jury argument include: 1) summation of the evidence presented at trial; 2) a reasonable deduction drawn from that evidence; 3) an answer to opposing counsel's argument; or 4) a plea for law enforcement.[42]

Appellant complains of the following statement made during the State's jury argument:

"… in order for you to find Kevin Fahrni not guilty, you would have to believe the defense's theory, and the defense's theory is that in 2005 after Ashley Pertell's mother had been broken up with Kevin Fahrni for a number of years, after they had left the state and moved back home to Pennsylvania and they had no contact with him, that her mother was so terribly upset and distraught over the breakup that had occurred years before--" (R.R. Vol. 5, p. 106).

---

[41] *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio, 2009, pet. ref'd).
[42] *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).

Appellant's objection to the statement was interpreted by the court that it changed the burden of proof, and the court overruled that objection stating, "I think it's argument. I don't think her argument could be interpreted as that it changes the burden of proof…" (R.R. Vol. 5, p. 107).

The statement made by the State was a summation of the evidence presented and a reasonable deduction drawn from that evidence. Throughout trial, the defense had put for their theory that the allegations were a frame-up job orchestrated by the victim's family and another ex-girlfriend of the Appellant's. The State was pointing out how far-fetched such a theory was. The statement, as stated by the trial court, could not be interpreted as changing the burden of proof.

## C. Harm Analysis

Assuming, *arguendo,* that it was error to overrule the Appellant's objections, this Court can conclude the State's argument was harmless. Three factors to consider when making the determination on harm of an improper jury argument are 1) severity of the misconduct; 2) measures adopted to cure the misconduct; and 3) the certainty of conviction absent the misconduct.[43]

The severity of the misconduct as measured by the prejudicial effect of the remark is slight. The comment consisted of a few sentences that demonstrated how

---

[43] *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

implausible it was that the two separate families got together and cooked up false allegations against the Appellant. (R.R. Vol. 5, p. 106-07).

The measures which corrected any misconduct include the jury instructions given by the Judge that the burden of proof is on the State throughout the entire trial. (R.R. Vol. 5, p. 102; C.R. p. 197). The State also reiterated the burden of proof during closing arguments. (R.R. Vol. 5, p. 108). This factor weights in favor of a finding of harmless error.

In addition, the evidence supporting conviction was strong. Lieutenant Charles Green testified that he took the report when the victim's grandmother went to the Wake Village Police Station to report the assault. (R.R. Vol. 4, p. 91-92). The grandmother told Green that the Appellant had touched her granddaughter. (R.R. Vol. 4, p. 91). Kandice Kimmel testified as an expert that she was the forensic interviewer who interviewed the victim at the Texarkana Children's Advocacy Center, after the assault was reported. (R.R. Vol. 4, p. 133). During the interview, Kimmel did not observe signs that the victim had been coached. (R.R. Vol. 4, p. 136). Kimmel testified the victim and her brother both used appropriate sensory details during the interview. (R.R. Vol. 4, p. 137). The victim gave testimony about the time the Appellant touched her between the legs, and other instances of inappropriate behavior. (R.R. Vol. 4, p. 200). Ashley Pertell also testified that the Appellant had committed identical assaults against her when she

28

and her mother were living with the Appellant. (R.R. Vol. 5, p. 23-24). This factor also weighs in favor of a harmless error finding.

Examining all three factors, this Court can have fair assurance that the State's comments has little or no effect.

For these reasons, Appellant's fifth point of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


__/s/Lauren N. Sutton_____
By:   Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 5,827 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

> __/s/Lauren N. Sutton_____
> **Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Al Smith, Attorney for Appellant, on this the 17th day of June, 2015.

\_\_/s/Lauren N. Sutton_____
**Lauren N. Sutton**